Fernando MORENO, Petitioner for a Writ of Habeas Corpus,

v.

COMMANDER, McCHORD AIR FORCE BASE, TACOMA, WASHINGTON, et al., Respondents.

No. CIV-81-399-TUC-RMB.

United States District Court, D. Arizona, Tucson Division.

July 22, 1983.

**1438**

Thomas G. Kelly, III, Blaser, Kelly & Don, P.C., Tucson, Ariz., for petitioner.

A. Melvin McDonald, U.S. Atty., Tucson, Ariz., Dist. of Ariz., Don B. Overall, Asst. U.S. Atty., Richard R. James, Lt. Colonel, USAF, Gen. Litigation Div., United States Air Force, Washington, D.C., for respondents.

## ORDER

BILBY, District Judge.

Petitioner, an Air Force Reservist, seeks a writ of habeas corpus, a permanent injunction, and a temporary restraining order; he has also requested this Court to order respondents to grant him an honorable discharge. He alleges that in ordering him to active duty his superiors violated Air Force regulations and acted capriciously and arbitrarily.

This Court has denied the request for a temporary restraining order and further action was delayed while petitioner submitted the matter to the Air Force Board for Correction of Military Records (AFBCMR).[1] Respondents have requested dismissal or denial of the petition.

The main issue here is whether or not the military decision in question falls within the scope of judicial review. In answering this, the Court must necessarily consider the merits of petitioner's claims to some degree.

After serving fourteen (14) months of a four (4) year enlistment petitioner request-

---

1. The Board determined that all but one of petitioner's claims were without merit; it found that he was subject to only 24 months active duty rather than the 34 months he had previously been advised.

ed a discharge in order to attend college. In exchange for this early discharge, he agreed to enlist in the Air Force Reserves for six (6) years, to participate in the Air Force Reserve Officers' Training Corps (AFROTC) while attending college, and to accept appointment as a commissioned officer upon receipt of his degree. The agreement signed also provided that if he were disenrolled from AFROTC he could be called to active duty, depending upon the reason for disenrollment. Before completing his degree program petitioner submitted a written request for disenrollment from AFROTC setting forth six reasons for his request. Following an Air Force investigation, his reasons for disenrollment were categorized as an anticipatory breach and he was later ordered to report for active duty at McChord Air Force Base. He never reported for duty and the Air Force has apparently taken no further action, pending the outcome of this suit. In filing this action petitioner asserts that his reason for AFROTC disenrollment was an inability to continue college enrollment and that, therefore, in accordance with Air Force regulations, he should have been discharged from the Reserves, rather than called to active duty.

## JURISDICTION

■ Under *Strait v. Laird,* 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1972), this Court has jurisdiction to hear this case even though petitioner has been ordered to duty in the state of Washington. In *Strait* the Court held that the California District Court had jurisdiction even though that petitioner was under the nominal command of a superior in Indiana; there the court found that Strait's "only meaningful contact" with the Army had been in California, *Id.* 343, 92 S.Ct. at 1694, and that his commanding officer was "present" in California through the military hierarchy there that had processed his application for discharge, *Id.* 345, 92 S.Ct. at 1695. Petitioner Moreno has had most, if not all, of his meaningful

contacts with the Air Force in Arizona and personnel here processed his AFROTC disenrollment.

## MERITS

■ Courts should be "scrupulous" in avoiding intervention in military matters, *Arnheiter v. Chafee,* 435 F.2d 691, 692 (9th Cir.1970), citing *Orloff v. Willoughby,* 345 U.S. 83, 93, 73 S.Ct. 534, 540, 97 L.Ed. 842. In *Wallace v. Chappell,* 661 F.2d 729 (9th Cir.1981), *cert. granted sub nom. Chappel v. Wallace,* —— U.S. ——, 103 S.Ct. 292, 74 L.Ed.2d 276 (1982), the Ninth Circuit adopted the test set forth in *Mindes v. Seaman,* 453 F.2d 197 (5th Cir.1971), as an "appropriate framework for determining which military actions are reviewable and which are not." *Wallace,* at 734. This test requires a petitioner to initially allege: (a) violation of the Constitution, a federal statute, or military regulations and (b) exhaustion of intraservice remedies. If both conditions are met, as they are in this case, the trial court must then weigh four factors to determine reviewability:

1. The nature and strength of the petitioner's claim.

2. The potential injury to the petitioner if review is refused.

3. The type and degree of anticipated interference with the military function.

4. The extent to which the exercise of military expertise or discretion is involved.

■ As regards the nature and strength of petitioner's claims, a fair reading of the record leads to the conclusion that his claims are lacking merit. Neither his written disenrollment request nor his statements during the subsequent Air Force investigation make it clear that he was then unable to continue his college enrollment or that this inability was his reason for AFROTC disenrollment. Even when notified in writing that the Air Force was investigating his disenrollment for anticipatory

breach and that he could be consequently called to involuntary active duty, petitioner apparently made no additional efforts to clarify his motives to the investigating officer, even though he was advised that he could submit additional written statements on his behalf. Petitioner does not deny that the investigation report accurately reflects what transpired during the investigation interview. There appears to have been a factual basis for the decision that petitioner's disenrollment was an anticipatory breach. A reading of the record and applicable regulations indicates no significant breach of Air Force rules and, contrary to petitioner's claims, there is sufficient evidence to show that he was warned and notified of his call to active duty, and in fact he was not ordered to report until after the Air Force believed he had completed his degree requirements.

The only potential injury to petitioner is that he will have to serve two (2) years active duty which is what his contract with the Air Force provided for in case of disenrollment.

Petitioner's individual case does not appear to present any serious impairment of vital military functions. However, taken in the context of the military's ability to make personnel assignments and to engage in, and provide for, the recruitment and training of officers and considering the number of persons involved in the AFROTC, it becomes apparent that the judicial decision here could be of considerable import and that petitioner's claims are insufficient to overcome the weight of these considerations.

Regarding the fourth factor in the *Mindes* test, a considerable amount of military expertise and discretion was involved in the Air Force decision here and certainly such is necessary in the area of personnel and duty assignments. Even though the military decision was clearly discretionary, there were guidelines provided and followed, and the decision was preceded by fact-finding in which petitioner was permitted considerable input.

This Court concludes that a balancing of the *Mindes* factors militates against judicial review. Petitioner's claims that the Air Force violated its regulations and acted arbitrarily, capriciously, and beyond its jurisdiction are indeed serious but lack the strength to overcome the otherwise favorable balance for the Air Force.

IT IS ORDERED:

1. Petitioner's request for Writ of Habeas Corpus is DISMISSED.

2. Petitioner's Motion for Permanent Injunction is DENIED.

3. Petitioner's request for an honorable discharge is DENIED.