**Glenda J. BLEDSOE,
Plaintiff–Appellant,**

v.

**Secretary of the Navy, James H. WEBB, Jr.,** * **Defendant–Appellee.**

No. 87–5777.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1988.

Decided Feb. 22, 1988.

Fed.R.App.P. 43(c)(1).

Lloyd Edward Tooks, San Diego, Cal., for plaintiff-appellant.

Paul G. Cassell, Associate Deputy Atty. Gen., Washington, D.C., for defendant-appellee.

Before FERGUSON, BEEZER and LEAVY, Circuit Judges.

BEEZER, Circuit Judge:

This case presents questions of justiciability and mootness.

The district court dismissed appellant's claim, under Title VII of the Civil Rights Act of 1964, section 717(a), 42 U.S.C. § 2000e–16(a) ("Title VII"), as nonjusticiable. That claim is based on a military officer's decision to bar a female, civilian employee of a military department from embarking on a Navy vessel.

The district court did not address mootness.

Since we find the claim justiciable and not moot, we reverse and remand for trial on appellant's Title VII claim.

## I

Appellant, Glenda J. Bledsoe, is a female, civilian employee of the United States Department of Navy. She is an electronics technician. Her duties include providing technical assistance for operation and maintenance of navigational and electrical systems aboard E2 aircraft, at sea and ashore. E2 aircraft are located on Navy vessels.

In July 1986, responding to a squadron request for her technical services aboard the USS Ranger, a Navy vessel equipped with E2 aircraft, appellant attempted to embark the USS Ranger.

The commanding officer of the vessel refused to allow appellant to embark, work or reside on the vessel for the purposes of performing her official duties. The reason given was that "berthing [is] not avail[able] for female [civilian employees]." Bledsoe was previously denied embarkation for the same reason, on March 31, 1986.

As a result of the July 1986 denial, appellant timely filed a complaint with the Navy. The Navy rejected appellant's complaint. Thereafter, appellant timely filed a Title VII claim in United States district court.

The Secretary of the Navy raised three arguments in favor of dismissal: nonjusticiability, mootness, and inapplicability of Title VII to Naval vessel embarkation decisions. The district court dismissed Bledsoe's claim as nonjusticiable, citing Fed.R. Civ.P. 12(b) and the justiciability test governing "inherently military" decisions, as set out in *Mindes v. Seaman*, 453 F.2d 197 (5th Cir.1971), and adopted by this court in *Wallace v. Chappell*, 661 F.2d 729 (9th Cir.1981), *rev'd on other grounds*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983).

The district court did not address mootness. The court also did not reach the merits of the Title VII claim. Appeal is timely taken from the order of dismissal.

## II

Dismissal for failure to state a claim is reviewable by this court de novo. *Hall v. City of Santa Barbara*, 797 F.2d

1493, 1396 (9th Cir.1986). Justiciability of a claim involving a military decision is subject to de novo review. *Khalsa v. Weinberger,* 779 F.2d 1393, 1396 (9th Cir.1985).

## III

The district court dismissed appellant's Title VII claim on the ground that the commanding officer's decision was "so inherently a military decision that it is nonjusticiable."

The court cites *Mindes v. Seaman,* 453 F.2d 197 (5th Cir.1971), *Gonzalez v. Department of the Army,* 718 F.2d 926 (9th Cir.1983), and *Khalsa v. Weinberger,* 779 F.2d 1393 (9th Cir.1985), *aff'd,* 787 F.2d 1288 (9th Cir.1985), for the proposition that denial of embarkation, on grounds that a female civilian employee cannot be berthed aboard a military vessel, is a nonreviewable military decision.[1]

Bledsoe argues that *Mindes* is inapplicable, since this Fifth Circuit decision has been applied exclusively to legal challenges brought by *military,* not *civilian,* personnel. Bledsoe, a civilian employee, notes that this court's holdings in *Sebra v. Neville,* 801 F.2d 1135 (9th Cir.1986) (nonjusticiability premised on military or dual military-civilian employment status), and *Wallace,* 661 F.2d at 731 (*Mindes* test applied to military personnel plaintiff), strengthen the argument that *Mindes* is inapplicable here.

The Secretary responds that decisions involving military judgment are, generally, nonjusticiable. Each case cited by the Secretary, however, involves a plaintiff who was either a member of the armed forces or an applicant for enlistment in the armed forces. *See Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); *Rostker v. Goldberg,* 453 U.S. 57, 101 S.Ct. 2646, 69 L.Ed.2d 478 (1981); *Gilligan v. Morgan,* 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed. 2d 407 (1973); *Goldman v. Weinberger,* 475 U.S. 503, 106 S.Ct. 1310, 89 L.Ed.2d 478

(1986); *Mindes,* 453 F.2d at 197; *Gonzalez,* 718 F.2d at 929–30; *Khalsa,* 779 F.2d at 1395–96, *reaff'd,* 787 F.2d 1288 (9th Cir. 1985). Bledsoe is neither a member of the armed forces nor an applicant for enlistment in the armed forces.

The Secretary adds that while the district court would ordinarily have jurisdiction over a Title VII claim involving a civilian plaintiff employed by a military department[2] this claim is nevertheless nonjusticiable, since it involves an "inherently military" decision. No direct authority for this proposition is provided by the Secretary, and none has subsequently been located by this court.

On the record before us, we conclude that Bledsoe's Title VII claim is justiciable.

Section 717(a) of Title VII, 42 U.S.C. § 2000e–16(a), expressly extends protections against employment discrimination to "[a]ll personnel actions affecting employees ... in military departments as defined in section 102 of Title 5...." The same statute states that "[t]he military departments [include] ... The Department of the Navy...." 5 U.S.C. § 102 (1982).

Employees of the "military departments" are distinguishable from members of the "armed forces." As we stated in *Gonzalez,* "[t]he two differing definitions show that Congress intended a distinction between 'military departments' and 'armed forces'[,] the former consisting of civilian employees, the latter of uniformed military personnel." 718 F.2d at 928.

In *Gonzalez,* we concluded that "the term 'military departments' in section 717(a) of Title VII, when read in the context of statutory definitions to which it refers, can be fairly understood to include *only* civilian employees of the Army, Navy, and Air Force and not both civilian employees and enlisted personnel...." 718 F.2d at 928 (emphasis added).

Appellant's civilian status is not contested.

---

1. "Justiciable" and "reviewable" are used interchangeably throughout this opinion.

2. The statute, 42 U.S.C. § 2000e–16, provides: "All personnel actions affecting employees or applicants for employment ... in military departments ... shall be made free from any discrimination based on race, color, religion, sex or national origin."

In *Mindes,* the Fifth Circuit recognized that internal military decisions, namely actions brought by a military official or decisions pertaining to internal military matters or involving a "specific[ally] military function," could be nonreviewable. 453 F.2d at 201–02. The *Mindes* holding is consistent with *Gonzalez,* since *Mindes* involved internal regulations which would affect uniformed military personnel. The Ninth Circuit adopted the *Mindes* test in *Wallace v. Chappell,* 661 F.2d 729 (9th Cir.1981); *see also Moreno v. Commander, McChord Air Force Base,* 567 F.Supp. 1437 (1983); *Sebra,* 801 F.2d at 1135.

In *Wallace v. Chappell,* 661 F.2d 729 (9th Cir.1981), we reviewed an "internal military decision[ ]." Indeed, courts often review cases in which military officials are alleged to have violated their own regulations. *See, e.g., Feliciano v. Laird,* 426 F.2d 424 (2d Cir.1970); *Van Bourg v. Nitze,* 388 F.2d 557 (D.C.Cir.1967).

While we have occasionally denied reviewability, *see, e.g., Khalsa,* 779 F.2d at 1400, the instant case is distinguishable, since the plaintiff is not a member of the "military services" and since no policy or function is implicated which is unmistakably military in nature. *See, e.g., Gonzalez,* 718 F.2d at 928.

Unlike other decisions of this circuit and of the Supreme Court, *see Khalsa,* 779 F.2d at 1393; *Gonzalez,* 718 F.2d at 926; *Wallace,* 661 F.2d at 729; *see also Mindes,* 453 F.2d at 197, the military officer's decision in this case does not readily lend itself to characterization as "inherently military." Likewise, the plaintiff is not a member of the armed services.

In *Khalsa v. Weinberger,* this court considered regulations pertaining to "soldiers' appearance." In *Khalsa,* however, we were not required to decide whether *Mindes* was applicable, since appearance regulations are unambiguously a matter of "inherent[ ] military" policy. *Khalsa,* 779 F.2d at 1397. Alternatively, *Mindes, Wallace,* and *Gonzalez* did not involve civilian plaintiffs employed by a U.S. military department.

Finally, Bledsoe's claim is not sufficiently similar to a termination decision, *cf. NeSmith v. Fulton,* 615 F.2d 196 (5th Cir.1980), or a decision involving enlistment procedures, *cf. Khalsa,* 779 F.2d at 1393, to warrant dismissal, ipso facto, as interference with an "inherently military" decision.

We hold that a Title VII claim brought by a female civilian employee of a military department and premised on denial of embarkation exclusively for gender, is justiciable.

## IV

■ The Secretary argues that Bledsoe's claim for back pay and equitable relief is moot. The Secretary reasons that since Bledsoe has been reassigned to duties aboard the USS Kitty Hawk and has been permitted to embark thereon, she has been fully compensated for any discrimination resulting from denial of embarkation aboard the USS Ranger. Similarly, the Secretary concludes that any request for equitable relief should be dismissed, since the likelihood of "recurrence of the denial" is small.

We disagree with these conclusions.[3] Although Bledsoe has been reassigned and embarked on another vessel to perform her employment duties, such "compensation" is incomplete.

First, the Secretary concedes that the USS Kitty Hawk assignment is of shorter duration than the USS Ranger assignment. This necessarily produces a pay differential, as well as loss of valuable "sea trial" experience; the latter is conceded to be essential for advancement in military departments.

Second, the Secretary disputes the injury alleged to have resulted from Bledsoe's second embarkation denial. The Secretary claims that the second denial would not have occurred but for a previous denial.[4] Thus, he argues, any back pay must relate back to the first denial.

---

**3.** The district court did not address the mootness issue.

**4.** The first denial occurred on March 31, 1986.

This argument is spurious. The Navy cannot successfully assert that compensation for a second injury is mitigated by a preceding injury because the first injury is a "but for" cause of the second. Specifically, the record does not show that the March 1986 ("first") denial of embarkation resulted in loss of pay and loss of sea trial experience equal to or less than the compensation provided by reassignment to the USS Kitty Hawk. If the first assignment aboard the USS Ranger was of longer duration than the "compensatory" reassignment aboard the USS Kitty Hawk, the injury is not fully compensated.

Moreover, the reasonable conclusion to draw from two denials of embarkation is that Bledsoe incurred two compensable injuries.

In light of the reduction in pay and at sea experience occasioned by reassignment to the USS Kitty Hawk, and in light of the potential for renewed discrimination, the USS Kitty Hawk reassignment does not moot the claim for compensatory relief.

Denial of equitable relief on mootness grounds would be equally ill-founded. The Secretary relies upon the Supreme Court's holding in *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), to conclude that the prospect of future embarkation denials is so unlikely as to preclude any injunctive relief.

In *Lyons*, the Supreme Court considered the case of a man injured by a police "chokehold," after having been stopped but not arrested. The Court held that, since Lyons did not "face[ ] a real and immediate threat again of being illegally choked" by police, he lacked the standing necessary to sue for equitable relief.

The *Lyons* analogy is inapt. Unlike Lyons, Bledsoe remains employed by the Department of the Navy, reliant upon sea trial assignments for advancement as well as equitable pay, and subject to reassignment aboard Navy vessels, such as the USS Ranger, which possess E2 aircraft (the maintenance of which provides the basis for her employment). Since there is some likelihood that the injury will recur, we cannot conclude that the potential for recurrence is fairly characterized as remote or "speculative." *Lyons*, 461 U.S. at 108, 103 S.Ct. at 1668.

While it is true that concern for the "widest latitude in the 'dispatch of [the Government's] ... own internal affairs'," *Rizzo v. Goode*, 423 U.S. 362, 378–79, 96 S.Ct. 598, 608, 46 L.Ed.2d 561 (1976) (citation omitted), has led courts to withhold equitable relief in certain cases involving military decisions, *e.g., Crawford v. Texas*, 794 F.2d 1034, 1036–37 (5th Cir.1986); *Sanchez–Espinoza v. Reagan*, 770 F.2d 202, 208, 209–10 (D.C.Cir.1985); *Khalsa v. Weinberger*, 779 F.2d at 1393, it is also true that the likelihood of recurrence or of continuing adverse impact would prevent a finding of mootness. *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 104 S.Ct. 2576, 81 L.Ed.2d 483 (1984).

An allegation of uncompensated past discrimination and the likelihood of recurrence do, in this case, prevent a finding of mootness.

## V

Appellant is a civilian employee of a military department. Since she is not a member of the armed services and since the decision to deny her embarkation was not unambiguously premised on an "inherently military" decision, her Title VII claim is justiciable. We leave to the district court the determination whether extraordinary military considerations, not visible on the record, required appellant be denied embarkation.

Appellant states a claim for relief based on compensable injury and potential reinjury. Bledsoe surmounts the mootness barrier by alleging the likelihood, absent in *Lyons*, of employment-related reassignment and renewed discrimination, as well as by the allegation of uncompensated past discrimination, each a ground for relief under Title VII.

Accordingly, we reverse and remand for trial on the Title VII claim.

**REVERSED and REMANDED.**