Pamella M. Doviak CELLI, Plaintiff,

v.

James H. WEBB, Secretary, United States Department of the Navy, Defendant.

Civ. No. 87–0072–P.

United States District Court,
D. Maine.

Oct. 4, 1988.

William Knowles, Portland, Me., Isabelle Katz Pinzler, American Civil Liberties Union Foundation, New York City, J. Joseph McKittrick, North Hampton, N.H., for plaintiff.

Richard E. Greenberg, Thomas A. Bovard, U.S. Dept. of Justice, Civ. Div., Washington, D.C., David R. Collins, Asst. U.S. Atty., Portland, Me., for defendant.

## MEMORANDUM DECISION AND ORDER OF DISMISSAL

GENE CARTER, District Judge.

In May, 1986, the Equal Employment Opportunity Commission (EEOC) found that the United States Navy had violated

Title VII[1] in denying embarkation on submarine sea trials to the plaintiff, a female civilian employee; the Commission ordered compensatory damages and injunctive relief.[2] Subsequently, the plaintiff brought an action against the Navy in this court requesting enforcement of the EEOC order.[3] The Navy then moved to dismiss this case, arguing that it had implemented the relief ordered by the EEOC and that, therefore, there remained no justiciable case or controversy. Although the court denied this motion,[4] it now dismisses the claim *sua sponte*.

Under Article III of the United States Constitution, the exercise of judicial power is limited to actual cases and controversies. *Valley Forge College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). The central question is "whether decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties"; at any time the court may *sua sponte* raise the question of mootness since it affects jurisdiction. Wright & Miller, *Federal Practice and Procedure* § 3533.1, pp. 222, 224 n. 33

(1984). A defendant's voluntary cessation of allegedly illegal conduct does not render a case moot so long as "the defendant is free to return to his old ways." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). A case may be moot, however, if the defendant meets the "heavy burden" of showing (1) no reasonable expectation of recurrence of the allegedly illegal conduct, and (2) interim relief or benefits which have completely and irrevocably eradicated the effects of the alleged violation. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979).

The question here is whether the relief afforded the plaintiff meets these two conditions. That relief includes the Navy's Directive 151942Z, issued pursuant to the June 15, 1987 Declaration of Admiral Trost, which orders in part that "Ms. Celli and any similarly situated female employee be given full opportunity to embark in future submarine sea trials and that they not be subject to acts of discrimination in the future," and that "Ms. Celli not be subjected to any act of reprisal or retaliation for having filed and pursued her complaint." *See* Attachments to Defendant's Memoran-

---

1. 42 U.S.C. § 2000e *et seq.* This title protects against discrimination on the basis of sex.

2. The EEOC order specifically directed the Navy:

   A. [T]o award the appellant all backpay, overtime pay, and benefits she would have received had she been permitted to embark on the sea trials of the U.S.S. Kamehameha in November, 1982 ...;

   B. [To] ensure that the appellant and similarly situated female employees are given full opportunity to embark on future submarine sea trials ... [and] are not subjected to the same or similar acts of discrimination in the future. The appellant must not be subjected to any acts of reprisal or retaliation for having filed and pursued this complaint; [and]

   C. [T]o post at its facility in Portsmouth, New Hampshire, copies of the attached notice [setting forth the EEOC finding of discrimination].

   Amended Complaint, Exhibit A, p. 7.

3. The Amended Complaint requested that the court:

   (a) Declare that denial on the basis of sex on the embarkation on sea trials is in violation of Title VII;

   (b) Declare that defendant's refusal to comply with the EEOC decision favoring plaintiff is arbitrary and capricious;

   (c) Order defendant to comply with the EEOC decision;

   (d) Order that plaintiff and similarly-situated female employees be granted embarkation on submarine sea trials in the future;

   (e) Award plaintiff appropriate back pay;

   (f) Award plaintiff reasonable costs and attorney's fees for the administrative process and for bringing this action.

4. The denial was based on the court's decision that there remained "an actual case and controversy between the parties in respect to substantial aspects of the relief sought by the plaintiff...." *See* Order, September 23, 1987. Since then, the plaintiff and other women have embarked upon sea trials, and the Navy has compensated the plaintiff in the amount of $26,693.43.

   By *Procedural Order of October 27, 1987*, the court reserved the issue of the plaintiff's entitlement to a decision enforcing the EEOC decision and determining the applicability of Title VII pending a negotiated settlement regarding other aspects of relief.

dum in Support of Motion to Dismiss. The record also includes evidence that the plaintiff and other female employees in fact participated in nuclear submarine sea trials in October, 1987 and May, 1988. *See* Declarations of Vice Admiral Daniel L. Cooper and Peter B. Bowman, Attachments to Defendant's Supplemental Memorandum in Support of Motion to Dismiss; *see also* Defendant's Brief in Response to Court's Inquiry on Whether a Justiciable Case and Controversy Remains in this Case p. 2, n. 1. In addition, the plaintiff has acknowledged receipt of $26,693.43 from the Navy in full payment of compensation due under the EEOC decision.

The plaintiff does not contest the adequacy of this payment, although she has reserved her right to recover attorney's fees for work done subsequent to the agreement. *See* Plaintiff's Brief in Opposition to Defendant's Brief p. 1, n. 1. She admits that she has not been subjected to reprisal and that she and certain other women have recently embarked on sea trials. She does not even claim that Directive 141942Z is substantively inadequate. She does claim, however, that the Directive is not binding on the Navy and that, therefore, there is a likelihood for potential injury sufficient to avoid a finding of mootness. In support of this argument she cites Navy policy language which predates, but does not substantially differ from, the Directive language; she also cites the Navy's position in a similar case in the Southern District of California as evidence of the Navy's intent to continue to discriminate despite its assertions of good faith in this case. The plaintiff's other arguments are that current Navy personnel are only reluctantly obeying the Directive and that any new Secretary of the Navy may reverse the Directive as soon as this litigation ceases, *see* Brief of Plaintiff in Opposition to Defendant's Brief, pp. 2–3. She insists that the "mere" Declaration of Admiral Trost and the ensuing Directive cannot "ensure" equal opportunities for women as directed by the EEOC order, *see* n. 2, *supra*, and that, therefore the case is not moot.

Clearly the Navy's actions have mooted the plaintiff's claim for relief to redress the effects of *past* discrimination. *County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). She has acknowledged receipt of $26,693.43 as "full payment of the compensation due" for the sea trials on which the Navy had denied embarkation and for attorney's fees and costs. The record contains a suggestion that she might seek additional attorney's fees, *supra*. Even if she were to make a formal request, however, such a request, standing alone, would not breathe continued life into a case which is otherwise moot; the question of attorney's fees is ancillary and survives independently. *See United States v. Ford*, 650 F.2d 1141, 1143–44 (9th Cir.1981), citing *Washington Market Co. v. District of Columbia*, 137 U.S. 62, 11 S.Ct. 4, 34 L.Ed. 572 (1890). *See also Carter v. Veterans Administration*, 780 F.2d 1479, 1481 (9th Cir.1986); *Monzillo v. Biller*, 735 F.2d 1456, 1463 (D.C.Cir.1984); *Operating Engineers Local Union No. 3 of the International Union v. Bohn*, 737 F.2d 860, 863 (10th Cir.1984). Under the Equal Employment Opportunity Act (Title VII), 42 U.S.C. § 2000e *et seq.*, the court may award a reasonable attorney's fee to the "prevailing party." The determination as to who is a "prevailing party," however, does not necessarily depend upon a final adjudication but on the connection between the claim itself and any action taken which rendered the claim moot. *Monzillo, supra,* citing *Yablonski v. United Mine Workers of America*, 466 F.2d 424, 431 (D.C.Cir.1972), *cert. denied*, 412 U.S. 918, 93 S.Ct. 2729, 37 L.Ed.2d 144 (1973). Thus, the plaintiff's right to request additional attorney's fees would survive dismissal of the case based on mootness, and the possibility that she might do so should not prevent the court from finding the case moot.

The remaining issue is whether there remains a "reasonable expectation of recurrence" of the discriminatory conduct which gave rise to the plaintiff's claim. *County of Los Angeles, supra,* 440 U.S. at 631, 99 S.Ct. at 1383. The EEOC order which the plaintiff requests this court to

enforce directed the Navy to "ensure" full opportunity to embark on future submarine trials to the plaintiff and "similarly situated female employees." Since this is not a class action, the issue is whether the Navy's Directive and subsequent conduct have accorded the plaintiff, and the plaintiff alone, full opportunity to embark and have sufficiently shown that such discrimination against the *plaintiff* is unlikely to recur. If so, any action by this court would be superfluous.

The plaintiff argues that despite the issuance of the Directive, the Navy has not in fact changed its policy or its intent to discriminate and that therefore the Directive is likely to be ignored or reversed in the future. She refers the court to a Navy policy entitled OPNAVINST 5720.2K which states generally that federal civilian employees will be embarked in naval vessels

> without regard to sex and every reasonable effort will be made by the host command to provide separate accommodations limited only by the need to maintain combat readiness and crew habitability. This policy supports the Navy's equal employment opportunity objective of full integration of women into the civilian work force. Barring extraordinary circumstances, surface vessels should be able to accommodate civilian employees of either sex during sea trials or at-sea testing.

*See* Memorandum in Support of Plaintiff's Objection to Defendant's Motion to Dismiss pp. 2–4, Exhibit 1, Enclosure 2 thereto.[5] This policy was in effect at the time the plaintiff was denied embarkation. Directive 151942Z, issued subsequently and in response to the plaintiff's claim, orders that the plaintiff "be given full opportunity to embark in future submarine sea trials and that [she] not be subject to acts of discrimination in the future."

The plaintiff has also submitted the Navy's brief in support of its motion for summary judgment in *Bledsoe v. Secretary of the Navy*, No. 86–2203–JLI (BTM) (S.D. Cal.), a similar Title VII action against the Navy based on denial of embarkation on a naval vessel to a female civilian employee. Following the Ninth Circuit's decision that the case was not moot, it is now back in the district court on cross-motions for summary judgment on the issue whether extraordinary military considerations justified the denial of embarkation. In *Bledsoe*, the Navy is taking the position that denial of embarkation in that case was based on considerations of *bona fide* occupational qualifications (BFOQ) in accordance with OPNAVINST 5720.2K.[6]

Although a finding of mootness is a matter within the discretion of the court,[7] case-law has established some guidelines regarding the "likelihood of recurrence" condition. For example, in an action alleging Clayton Act violations, a defendant's in-court statement regarding his intent not to form interlocking corporate directorates prohibited under that Act, without more, was insufficient to establish mootness. *United States v. W.T. Grant*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). In *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 n. 11, 102 S.Ct. 1070, 1075 n. 11, 71 L.Ed.2d 152 (1982), a municipality's repeal of objectionable ordinance language was insufficient to overcome the reasonable expectation of recurrence in light of the municipality's stated intent to reenact the objectionable language if a prior judgment were vacated. On the other hand, in a case alleging discriminatory hiring practices, the subsequent institution of an efficient and nonrandom method of screening job applicants, together with the absence of any suggestions that these new

---

5. OPNAVINST also establishes guidelines to be used in weighing embarkation requests of female employees; these guidelines include considerations of number of female workers embarked, berthing and sanitary facilities, and safety. *Id.* The Navy's denial of embarkation to this plaintiff had been based on considerations of crew privacy.

6. The court does not address the plaintiff's argument regarding the current reluctance of Navy personnel in implementing the Directive policy since she has not submitted any supportive evidence.

7. Wright & Miller, *Federal Practice and Procedure* § 3533.1 (1984).

hiring practices would be abandoned, was sufficient. *County of Los Angeles, supra,* 440 U.S. at 632, 99 S.Ct. at 1383. Similarly, the Seventh Circuit has found that the mere possibility of a municipality's future violation of a consent decree entered into with civil rights plaintiffs was not enough to show likelihood of recurrence and in any case, violation would provide an opportunity to seek an appropriate judicial resolution. *Alliance to End Repression v. City of Chicago,* 820 F.2d 873 (7th Cir.1987). In a recent First Circuit case, a psychiatric patient's claim against state officials for a declaration that he was entitled to specific medical treatment was ruled as moot; the plaintiff had in fact been receiving such treatment for a number of years and the court found too speculative the plaintiff's argument that the treatment would be terminated without a declaratory judgment or threat of an ongoing action. The plaintiff's fear of recurrence was not "imbued with the kind of 'immediacy and reality' " which would demonstrate an ongoing controversy. *Knight v. Mills,* 836 F.2d 659, 671 (1st Cir.1987), citing *Preiser v. Newkirk,* 422 U.S. 395, 403, 95 S.Ct. 2330, 2335, 45 L.Ed. 2d 272 (1975).[8]

Both parties have referred the court to the recent appellate opinion in *Bledsoe v. Webb,* 839 F.2d 1357 (9th Cir.1988), which determined the Navy's mootness argument in favor of the plaintiff. In that case, the Navy had claimed that its reassignment of a female civilian employee to duties aboard a navy vessel mooted her claim for back pay and equitable relief. Specifically addressing the plaintiff's claim for equitable relief, the Ninth Circuit found that because the plaintiff was still an employee dependent for advancement upon the Navy, there remained "some likelihood that the injury will recur." *Bledsoe* at 1361. Relying on both an allegation of uncompensated past discrimination and the likelihood of recurrence, the Ninth Circuit declined to find the case moot.

The question here, therefore, is whether Directive 151942Z, together with evidence that the Navy has implemented its policy of nondiscrimination in permitting the plaintiff to embark on sea trials, sufficiently eliminates any reasonable expectation of recurrence of discrimination against her. Clearly, the issuance and implementation of the Directive is a factor which goes beyond the mere in-court statement found insufficient in *United States v. Grant, supra.* In addition, this case is distinguishable from the Ninth Circuit's opinion in *Bledsoe, supra.* There, the Navy's mootness argument rested solely on the reassignment of the female civilian employee; factors missing in that case but present here include a stipulated compensation payment and an official Directive which tracks the language of the EEOC order.

The plaintiff insists, however, that evidence of the similarity of the Navy's pre-Directive policy, together with the Navy's current position in *Bledsoe, supra,* establishes the Navy's bad faith and the reasonable expectation of recurrence. The court does not find this argument persuasive. First, any similarity in pre-Directive policy language does not show the Navy's intent to ignore or reverse either OPNAVINST or the Directive, which was issued specifically in response to this suit, and to the Navy's own finding that it had discriminated against the plaintiff. Secondly, the plaintiff has not established that the BFOQ considerations on which the Navy is relying in *Bledsoe* are inconsistent with either the Directive or the EEOC order; such considerations could provide a basis for denial of embarkation but not every denial of embarkation constitutes illegal discrimination. Moreover, the plaintiff has not alleged that the OPNAVINST regulation will be relevant to any Navy decision regarding her future embarkation opportunities, or that the Navy is likely to apply BFOQ considerations to any request she might make. Without such allegations, the Navy's de-

---

**8.** In *Preiser v. Newkirk, supra,* a prisoner argued that prison officials were likely to reinstitute allegedly illegal procedures or to retaliate against him in transfer decisions. The Court noted that the case was not a class action, and

held that the fear of reprisal, based on the possibility that prison officials might disregard a record notation in the prisoner's file against such reprisal, was too speculative.

fense in *Bledsoe* is not relevant in assessing any intent to reinstitute discriminatory policy towards this plaintiff. *Compare City of Mesquite, supra,* 455 U.S. 283, 289 n. 11, 102 S.Ct. 1070, 1075 n. 11. The court also notes that because this is not a class action the plaintiff cannot rely on the possibility of future discrimination against other female civilian employees of the Navy. *Compare NAACP v. City of Evergreen, Alabama,* 693 F.2d 1367, 1370 (11th Cir. 1982), and *Phillips v. Pennsylvania Higher Education Assistance,* 657 F.2d 554, 569 (3rd Cir.1981), *cert. denied,* 455 U.S. 924, 102 S.Ct. 1284, 71 L.Ed.2d 466 (1982).

Here, the Navy has done more than merely cease its allegedly illegal conduct towards the plaintiff. It has paid an agreed-upon amount of compensation, has issued a policy in response to the claim, and has implemented that policy as to the plaintiff. The plaintiff's fear of future policy reversal is simply too speculative to support justiciability. *See Preiser v. Newkirk,* 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *Knight v. Mills,* 836 F.2d 659 (1st Cir.1987); *Alliance to End Repression v. City of Chicago,* 820 F.2d 873 (7th Cir. 1987).

Accordingly, the court finds that the totality of actions taken by the Navy since the commencement of this case adequately ensures to the plaintiff the relief ordered by the EEOC, and her action, therefore, is now moot.[9]

Since the action is moot, the court does not address the applicability of Title VII to embarkation decisions,[10] and hereby ORDERS that the action be DISMISSED.

---

**9.** The test for mootness is really a jurisdictional test. If the Navy's payment of compensation, and issuance and implementation of a nondiscriminatory policy were not considered sufficient to moot the plaintiff's claims, there would then be a separate issue as to whether the court should exercise its discretion in granting injunctive or declaratory relief.

**10.** The court notes, however, that in *Bledsoe v. Webb, supra,* the Ninth Circuit ruled that Title VII does apply to a civilian employee's claim of discrimination in embarkation decisions by the Navy.