972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Floyd EDWARDS, Plaintiff-Appellant,
v.
Sean O'KEEFE,* Secretary of the Navy,
Defendant-Appellee.
 Nos. 91-15333, 91-15336.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 16, 1992.
Decided Aug. 18, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Floyd Edwards, a general foreman of the Port Services Division of the Naval Supply Center, Oakland, appeals the district court's ruling that it lacked jurisdiction to consider his Title VII claims alleging a racially discriminatory performance evaluation and retaliation. The district court ruled that it lacked jurisdiction to hear Edwards' complaints because they were moot. We affirm.
 
 Discriminatory Evaluation
 
 3
 Relying on United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953); County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); and Bledsoe v. Webb, 839 F.2d 1357, 1361 (9th Cir.1988); Edwards argues that the district court erred in finding mootness because there is a likelihood that he will suffer discriminatory evaluations in the future since he continues to be evaluated by the same manager who downgraded his earlier performance evaluation.
 
 
 4
 In W.T. Grant, the Court held that the voluntary cessation of allegedly illegal conduct does not render a case moot because the defendant is free to return to his old ways. 345 U.S. at 632. However, a case will be declared moot if the defendant carries the burden of demonstrating that "there is no reasonable expectation that the wrong will be repeated." Id. at 633 (citation omitted).
 
 
 5
 In County of Los Angeles v. Davis, the Court clarified the two prongs that must be met before a case can be declared moot. First, if it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and, second, if interim relief or events have completely and irrevocably eradicated the effects of the alleged violation, then a case can be declared moot. 440 U.S. at 631.
 
 
 6
 In Bledsoe, the Navy established a policy that prohibited female civilian employees from embarking on a Naval vessel and participating in manuevers on the ground that the vessels lacked separate male/female berthing facilities. Bledsoe challenged this policy in district court. The Navy responded that the policy had been changed and, therefore, the complaint was moot. We disagreed, stating that there was some likelihood that the injury would recur because Bledsoe remained employed by the Navy and was reliant upon sea trial assignments for advancement. Bledsoe, 839 F.2d at 1361.
 
 
 7
 Edwards concedes that the Navy has provided interim relief, which has completely eradicated the effects of the alleged violation. His downgraded performance evaluation was restored to its previous level. Edwards nevertheless maintains that the Navy did not meet its burden of demonstrating that there was no reasonable expectation that the alleged wrong would be repeated.
 
 
 8
 The district court stated that the Navy had met its burden. The court indicated that the case was moot "because it can be stated with assurance that there's no reasonable expectation that the alleged violation will recur.... And [Edwards] has had additional suggestions from the Navy that ... whoever evaluates him, will evaluate him absolutely fairly in the future."
 
 
 9
 Bledsoe is distinguishable from the present case because the Navy had previously discriminated against Bledsoe; there is no such allegation of ongoing discrimination here. The mere fact that Edwards remains in the Navy's employment and that future evaluations will be performed by the same Naval personnel does not mean that Edwards is subject to future discrimination. Nothing before this court demonstrates that Edwards' supervisor will discriminate against Edwards. Moreover, there has been no showing of past discrimination prior to the present complaint and the Navy has given its assurance that no discrimination will occur in the future.[1]
 
 Retaliation
 
 10
 Next, Edwards alleges that the Navy proposed a reorganization of his department within days after he filed his informal discrimination complaint with the Equal Employment Opportunity Office. Edwards argues that the proposed reorganization constitutes retaliation for his complaint because the proposed reorganization will result in a position downgrade and a salary reduction.
 
 
 11
 Edwards contends that the district court erred in concluding that his retaliation complaint was moot on the ground that the threat of future harm was both speculative and insubstantial. Edwards further contends that the case or controversy requirement of Article III is met by a threat that actual injury will occur in the future. Relying on Bledsoe, 839 F.2d at 1361, Edwards argues that his ongoing employment relationship with the Navy and the detrimental proposed reorganization constitute a threat of actual injury against him.
 
 
 12
 Generally, federal courts may adjudicate only actual, ongoing cases or controversies where the litigant demonstrates that he has suffered an "injury in fact" that is actual or imminent, not conjectural or hypothetical. See Coral Constr. Co. v. King County, 941 F.2d 910, 929 (9th Cir.1991) (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)), cert. denied, 112 S.Ct. 875 (1992). "The 'mere physical or theoretical possibility' of a challenged action again affecting the plaintiff is not sufficient. There must be a 'demonstrated probability' that the plaintiff will again be among those injured." Nelsen v. King County, 895 F.2d 1248, 1250 (9th Cir.1990) (quoting, Sample v. Johnson, 771 F.2d 1335, 1340 (9th Cir.1985), cert. denied, 475 U.S. 1019 (1986) (citations omitted).
 
 
 13
 We agree with the district court that Edwards has not established a threatened actual injury traceable to a defendant who has harmed Edwards in a similar manner in the past. Edwards' alleged injury is speculative, and was properly found so by the district court.
 
 
 14
 Bledsoe is distinguishable because there was a history of discrimination there. Thus, the Navy's previous discrimination in addition to Bledsoe's ongoing relationship with the Navy led this court to conclude that there was an ongoing case or controversy. See Bledsoe, 839 F.2d at 1361. There is no history of discriminatory retaliation alleged in this case.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, Sean O'Keefe is substituted for H. Lawrence Garrett as Mr. O'Keefe has replaced Mr. Garrett as the Secretary of the Navy
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also reject Edwards' argument that his performance evaluation claim is not moot because it is capable of repetition yet evading review. This exception to mootness also requires a reasonable expectation that the same complaining party would be subjected to the same action again. Barilla v. Ervin, 886 F.2d 1514, 1519 (9th Cir.1989). For the reasons already stated, we find this argument unpersuasive