57 F.3d 747
 68 Fair Empl.Prac.Cas. (BNA) 119, 64 USLW 2046
 Arthur J. MIER, Plaintiff-Appellant,
v.
Donald L. OWENS, in his official capacity as Adjutant
General of the Arizona State Army National Guard;
Michael P.W. Stone, in his official
capacity as Secretary of the
Army, Defendants-Appellees.
 No. 93-15923.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 14, 1994.
Decided June 9, 1995.
 
 Daniel D. Maynard, Johnston, Maynard, Grant & Parker, Phoenix, AZ, for plaintiff-appellant.
 Cynthia M. Parsons, Asst. U.S. Atty., Phoenix, AZ, for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before: TANG, REINHARDT, and RYMER, Circuit Judges.
 Opinion by Judge TANG; Partial Concurrence and Partial Dissent by Judge REINHARDT; Concurrence by Judge RYMER.
 TANG, Senior Circuit Judge:
 
 
 1
 Arthur J. Mier appeals from a district court judgment dismissing his Title VII cause of action for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. The issue on appeal is whether a National Guard technician, whose job is a hybrid military-civilian position, can maintain a Title VII employment discrimination action. We conclude that Title VII applies to Guard technicians except when they challenge personnel actions integrally related to the military's unique structure. Because all of Mier's claims challenge actions of this kind, his complaint does not state a claim upon which relief can be granted. Therefore, we affirm the judgment of the district court, albeit on different grounds than provided by the district court.
 
 
 2
 Arthur J. Mier is a Hispanic civil service technician employed in the Arizona Army National Guard. Mier's job is a hybrid position, combining both military and civilian aspects. Mier serves in a civilian capacity as a full time supply management officer and in a military capacity as a commissioned officer not on active duty. In order to hold the civilian position, Mier is required to be a member of the National Guard and hold the commensurate military position.
 
 
 3
 Mier filed a complaint alleging defendants Donald Owens, adjutant of the Arizona Army National Guard, and Michael Stone, Secretary of the Army, discriminated against him on account of race, color, and national origin in violation of Title VII. The complaint alleges that the defendants discriminatorily denied Mier military promotions and suspended him from civilian employment as a result of the denial of the requisite military promotions. He also claims the defendants failed to promote him, suspended him, and investigated him all in retaliation for filing a discrimination complaint with the Department of the Army in 1986.
 
 
 4
 The district court dismissed the action, holding that it had no jurisdiction over Mier's claims because Title VII is not applicable to uniformed members of the armed forces. The district court also held that Mier had failed to state a claim upon which relief could be granted because his claims were non-justiciable. Mier appeals the district court judgment.
 
 
 5
 The protection against employment discrimination provided by Title VII applies to civilian employees of the military, through 42 U.S.C. Sec. 2000e-16(a). Gonzalez v. Dept. of Army, 718 F.2d 926, 928 (9th Cir.1983). Title VII does not protect military personnel. Id. The issue on appeal is whether a National Guard technician, whose job is a hybrid military-civilian job, can maintain a Title VII employment discrimination action. Mier argues that Title VII applies to all personnel actions affecting National Guard technicians. The National Guard argues that the personnel actions at issue in this case, promotion, suspension, and an investigation, are military actions to which Title VII does not apply.
 
 
 6
 We begin by considering the National Guard Technicians Act ("NGTA"), 32 U.S.C. Sec. 709, to determine whether Congress stated in "unmistakable terms" that Title VII applies to National Guard technicians. See Gonzalez, 718 F.2d at 928 (quoting Johnson v. Alexander, 572 F.2d 1219, 1224 (8th Cir.1978)) (reasoning that, had Congress meant Title VII to apply to uniformed personnel, "it would have said so in unmistakable terms").
 
 
 7
 The NGTA nowhere expressly states that Title VII applies to Guard technicians. Although the statute provides that a Guard technician is "an employee of the Department of the Army or the Department of the Air Force, as the case may require," Sec. 709(d), this language indicates nothing about Title VII coverage. Title VII contains similar language, providing coverage to "employees ... in military departments," but this language has been interpreted to apply only to civilian employees of the military, not to uniformed military personnel. Gonzalez, 718 F.2d at 927-28.
 
 
 8
 The NGTA also sets forth employment rules for Guard technicians including the following: 1) If a Guard technician's job requires Guard membership, severance from the Guard requires severance from the technician's job; and 2) a technician who fails to meet military security standards can be severed from both the Guard and the technician job. 32 U.S.C. Sec. 709(e)(1)-(2). These rules neither indicate that Title VII is applicable, nor preclude Title VII coverage. These rules merely indicate that the Guard technician job is dual-status. The NGTA also lists several employment statutes that do not apply to Guard technicians and Title VII is not included among them. While the absence of Title VII from a list of inapplicable statutes may be the strongest suggestion in the NGTA that Congress intended Title VII to apply to Guard technicians, applicability of Title VII is clearly not provided in "unmistakable terms."
 
 
 9
 Although Gonzalez concluded that Congress would not apply Title VII to uniformed military personnel except in unmistakable terms, Guard technicians, who serve in a dual capacity as both military and civilian employees, are in a different position than purely military personnel. We proceed to consider the circumstances in which Title VII coverage applies to such dual-status employees.
 
 
 10
 Courts have declined to review a variety of employment actions involving military personnel because, in the military, "overriding demands of discipline and duty" prevail, demands which do not have a counterpart in civilian life. Chappell v. Wallace, 462 U.S. 296, 300, 103 S.Ct. 2362, 2366, 76 L.Ed.2d 586 (1983) (internal quotation omitted). "The inescapable demands of military discipline and obedience to orders cannot be taught on battlefields; the habit of immediate compliance with military procedures and orders must be virtually reflex with no time for debate or reflection." Id. Therefore, the military has developed "a hierarchical structure of discipline and obedience to command, unique in its application to the military establishment and wholly different from civilian patterns." Id.
 
 
 11
 Courts regularly decline to hear lawsuits involving personnel actions integrally related to the military's unique structure. Military personnel cannot sue superior officers to recover damages for alleged constitutional violations because the "relationship between enlisted military personnel and their superior officers ... is at the heart of the necessarily unique structure of the Military Establishment." Id. at 300, 305, 103 S.Ct. at 2366, 2368. A Guard technician's challenge to a military transfer is nonjusticiable in part because "transfer decisions go to the core of deployment of troops and overall strategies of preparedness." Sebra v. Neville, 801 F.2d 1135, 1142 (9th Cir.1986). Guard technicians' challenges to discharge by the Guard and termination from technician employment are nonjusticiable because judicial review "would seriously impede the military in performance of its vital duties." Christoffersen v. Washington State Air National Guard, 855 F.2d 1437, 1444 (9th Cir.1988), cert. denied, 490 U.S. 1098, 109 S.Ct. 2448, 104 L.Ed.2d 1003 (1989).
 
 
 12
 However, personnel actions are not always integrally related to the military's unique structure. A Title VII claim challenging the refusal to allow a female civilian employee to embark on a Naval aircraft carrier is not so "inherently military" as to be nonjusticiable. Bledsoe v. Webb, 839 F.2d 1357, 1360 (9th Cir.1988). The employee in Bledsoe was an electronics technician whose duties included "providing technical assistance for operation and maintenance of navigational and electrical systems on E2 aircraft" located on Navy vessels. Id. at 1358. She was denied embarkation on the ground that berthing was not available on the ship. The Ninth Circuit concluded that Bledsoe's Title VII claim was not nonjusticiable because she was a civilian employee and the challenged conduct did not implicate an unmistakably military policy. Id. at 1360. The court distinguished the challenged conduct from other conduct considered "inherently military," such as enlistment procedures and termination of enlisted personnel. Id.
 
 
 13
 Similarly, intra-military immunity did not apply to claims brought by a former major in the United States Air Force because the challenged conduct neither arose out of nor was incident to military service. Lutz v. Secretary of the Air Force, 944 F.2d 1477, 1486 (9th Cir.1991). The former major sued the Air Force and three sergeants who broke into her office after hours, opened her private mail, and disseminated it in an attempt to ruin her reputation. Id. at 1478. In concluding the conduct was not incident to military service, the Ninth Circuit distinguished Stauber v. Cline, 837 F.2d 395 (9th Cir.), cert. denied, 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988), a Guard technician case in which intra-military immunity applied, in part because the Stauber defendants were all superior in rank to the plaintiff and one was his direct supervisor. Lutz, 944 F.2d at 1486.
 
 
 14
 Bledsoe and Lutz establish that, in some circumstances, personnel actions are not integrally related to the military's structure. Concerns regarding military hierarchy and discipline may not be at issue in suits alleging discriminatory conduct on the part of peers or subordinates. In addition, actions affecting civilian employees may not involve matters considered military in nature. Because Guard technicians are in a hybrid job entailing both civilian and military aspects, we conclude that Title VII coverage of civilians employed by the military encompasses actions brought by Guard technicians except when the challenged conduct is integrally related to the military's unique structure.
 
 
 15
 We now review Mier's complaint to determine whether the discriminatory personnel actions he sets forth are integrally related to the military's unique structure. Because this cause is before us on appeal of a judgment granting a motion to dismiss, we "presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). We do not affirm the judgment granting the motion to dismiss "unless it appears beyond doubt that [Mier] can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation omitted).
 
 
 16
 Mier first alleges that the defendants "systematically and continuously discriminated against [him], with respect to promotions solely based on race, color and national origin." He also claims suspension from his civilian job resulted, in part, from "discriminatory practices that occurred in relation to the military promotion process." Mier adds:
 
 
 17
 Specifically, ... within the procedure for promotions, a high degree of subjectivity exists regarding the final selection as to who is chosen from those recommended as qualified. The final authority to make such decisions is based on highly-subjective criteria and such authority has systematically been placed in the hands of those with discriminatory motive and intent. These individuals have failed to promote [Mier] and to suspend him from his employment.
 
 
 18
 At a later point, Mier again mentions that the defendants "failed to promote [him] to the rank of Major."
 
 
 19
 Military promotion is one of the most obvious examples of a personnel action that is integrally related to the military's structure. Decisions regarding who is promoted and why are central to maintenance of the military's hierarchy. Title VII does not allow this court to review decisions regarding the military promotion of individuals serving as Guard technicians. Because suspension from civilian promotion resulted from denial of the military promotion, the suspension likewise cannot be reviewed.
 
 
 20
 Mier next alleges that the defendants retaliated against him for filing a discrimination complaint with the Army. He claims the defendants have subjected him to "ongoing retaliatory actions and reprisals" and that the defendants "[s]pecifically ... have failed to promote [Mier] to the rank of Major and have subjected him to investigations in retaliation for filing his Complaint and have currently suspended [Mier] from his civilian employment."
 
 
 21
 The retaliation claim cannot stand because the retaliatory acts are all integrally related to the military's structure. We have already explained why neither military promotion nor suspension from civilian employment tied to military promotion can be addressed. Investigation is an act central to the military's unique concerns regarding discipline and control.
 
 
 22
 The discriminatory actions set forth in the complaint are personnel actions integrally related to the military's structure. Title VII does not encompass such claims.
 
 
 23
 The judgment of the district court is AFFIRMED.
 
 
 24
 REINHARDT, Circuit Judge, concurring and dissenting.
 
 
 25
 I agree with the majority that federal courts may entertain the Title VII claims of dual-status National Guard technicians claims except when they are so integrally related to the military aspect of their job as to render them nonjusticiable. I expressly concur in the holding that "Title VII coverage of civilians employed by the military encompasses actions brought by Guard technicians except when the challenged conduct is integrally related to the military's unique structure." I disagree only with the opinion's conclusion that Mier has failed to state a claim on which relief may be granted under the standard set forth in the opinion: I believe that Mier's complaint can fairly be read to allege a Title VII complaint arising from his civilian employment.
 
 
 26
 In light of the generous standards of notice pleading, see, e.g., Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989); Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1982), I believe that the majority reads the complaint too narrowly. Mier's general allegations do not indicate that his claims are purely military in nature; indeed, he based certain of his claims upon discrimination against him as a civilian employee. Moreover, although his specific allegations suggest that two of his claims may rest, in part, upon military decisions, a plaintiff is not required to allege every factual basis for all of his claims at such an early stage in the proceedings. Lujan v. National Wildlife Federation, 497 U.S. 871, 889, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990) (holding that, when ruling on Rule 12(b) motions to dismiss, a judge must "presume[ ] that general allegations embrace the specific facts that are necessary to support the claim." (emphasis added)). If Mier's case is truly as deficient as the majority presumes, that fact will become readily apparent when a summary judgment motion is made. I would therefore hold that the district court erred in dismissing the complaint under Rule 12(b)(6).
 
 RYMER, Circuit Judge, concurring:
 
 27
 I concur in Judge Tang's opinion except for his statement of the holding, that
 
 
 28
 Title VII coverage of civilians employed by the military encompasses actions brought by Guard technicians except when the challenged conduct is integrally related to the military's unique structure.
 
 
 29
 The only issue before us, and all that we rightfully decide, is whether a Guard technician's challenge to personnel actions integrally related to the military's unique structure is cognizable under Title VII. For the reasons his opinion sets out, I agree that such a challenge fails.