### Cleveland ADAMS, Plaintiff—Appellant,

### v.

### UNITED STATES of America; Department of the Army; and Thomas E.

---

courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the

White,* Secretary of the Army, Defendants—Appellees.

No. 00–35376.

D.C. No. CV–99–00021–JKS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 2001.

Decided Sept. 4, 2001.

Before SCHROEDER, Chief Judge, T.G. NELSON, and SIL VERMAN, Circuit Judges.

MEMORANDUM **

Cleveland Adams appeals the district court's dismissal of his complaint for failure to state a claim. Adams' complaint alleged that he was discharged from the Army in violation of his Fifth Amendment right to due process, that defendants were not authorized to discharge him under the applicable rules and regulations, and that

facts, we do not recite them here.

* Thomas E. White is substituted for his predecessor, Louis Caldera, as Secretary of the Army. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

he was discharged because of his race. Seeking relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202, the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and 42 U.S.C. § 1981, Adams sought reinstatement, restitution of lost back pay, and a declaratory judgment that his discharge was void. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Since the parties are familiar with the facts, we will not recite them.

A court's determination that the military's decision should not be reviewed for prudential reasons is treated as a motion to dismiss for failure to state a claim upon which relief can be granted. *Khalsa v. Weinberger*, 779 F.2d 1393, 1395–96 (9th Cir.1985). This court reviews de novo a dismissal for failure to state a claim. *Id.* at 1396. We "presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir.1995) (quotation marks and citation omitted). A dismissal may be affirmed on any proper ground, even if the district court did not reach the issue or relied on different grounds or reasoning. *Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir.1992) (en banc).

This court has adopted the test set out in *Mindes v. Seaman*, 453 F.2d 197 (5th Cir.1971), for determining whether a military decision is judicially reviewable. *See, e.g., Gonzalez v. Dep't of Army*, 718 F.2d 926, 929 (9th Cir.1983). The test requires two separate lines of inquiry. The first line of inquiry consists of two prerequisites: An internal military decision is unreviewable unless the plaintiff alleges (a) a violation of the Constitution, a federal statute, or military regulation and (b) exhaustion of available intraservice remedies. *Christoffersen v. Washington State Air Nat'l Guard*, 855 F.2d 1437, 1442 (9th Cir.1988). Adams meets the two pre-

requisites: He alleges constitutional and regulatory violations and he exhausted his administrative remedies.

Under the second line of inquiry, this court weighs four factors to determine whether review should be granted: (1) the nature and strength of the plaintiff's claim; (2) the potential injury to the plaintiff if review is refused; (3) the extent of interference with military functions; and (4) the extent to which military discretion or expertise is involved. *Id.* We assume arguendo that Adams may assert his discrimination claim under 42 U.S.C. § 1981, *Gonzalez*, 718 F.2d at 929, and that the second factor favors review. However, the first factor does not weigh in favor of review and the last two factors dispositively weigh against review. *Christoffersen*, 855 F.2d at 1444; *see also Gonzalez*, 718 F.2d at 930 ("[T]he court would be required to scrutinize numerous personnel decisions by many individuals as they relate to appellant's claim that he was improperly denied [reenlistment]. This inquiry would involve the court in a very sensitive area of military expertise and discretion."). We are unwilling and ill-equipped to venture into this area of military expertise and discretion. *See Gonzalez*, 718 F.2d at 930.

AFFIRMED.