**Revised September 27, 2000**

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 99-31189

_____

FREDERICK H. BROWN,

                                        Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA; ET AL,

versus

UNITED STATES OF AMERICA; UNITED STATES AIR FORCE,
Secretary

                                        Defendants - Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

September 26, 2000

Before DUHÉ, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

        Frederick Brown ("Brown") appeals the district court's dismissal of his Title VII, 42 U.S.C.

§ 2000e *et seq* racial discrimination claim against the United States Air Force ("Government"). We

affirm the dismissal of Brown's claim but for reasons different than those relied upon by the district

court.

This case arose as a result of Brown's employment as an Air Reserve Technician ("ART") for the Government. ARTs, such as Brown, are civilian employees whose positions require that they also serve in the military reserves. As an ART, Brown occupied a full-time civilian position and served as a Captain in the Air Force Reserve.

While serving as an ART, Brown filed an informal grievance. After the grievance was closed Brown was transferred from his position. He asserts the transfer was against Air Force regulations. Almost a year later, Brown was once again transferred to another ART position. During this same time period Brown's commanding officer ordered him to active duty and required him to submit to a psychiatric evaluation. The evaluation revealed that Brown suffered from a severe personality disorder, but was nonetheless qualified for worldwide duty. Brown, however, asserts that the evaluation was tainted by discussions between Brown's commanding officer and the examining physician.

Subsequently, Brown was charged with misconduct and substandard performance and was honorably discharged. After Brown's discharge he was relieved of his civilian ART responsibilities because he was unable to meet the position's requirements, namely, maintaining reserve duty status in the Air Force. Brown sued the Government under Title VII claiming that the events leading up to his discharge and his discharge were discriminatory and retaliatory.

The district court dismissed Brown's claim on the grounds that it presented a non-justiciable question. In order for the claim to proceed, the court concluded that it would be forced to analyze a military personnel decision. Embarking on this type of analysis, the court determined, would violate the "incident to service" test. *See United States v. Stanley*, 483 U.S. 669, 684, 107 S.Ct. 3054, 3064,

97 L.Ed.2d 550 (1987) (holding that "no *Bivens* remedy is available for injuries that 'arise out of or are in the course of activity incident to service'"(quoting *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950))); *see also Parker v. United States*, 611 F.2d 1007 (5th Cir. 1980) (adopting three-factor test used to assist courts in determining whether an activity is incident to service).[1]

We review the questions of law presented by the district court's dismissal of Brown's claim under the *de novo* standard of review. *See Randel v. United States Dept. of Navy*, 157 F.3d 392, 395 (5th Cir.1998) *citing Stults v. Conoco, Inc.*, 76 F.3d 651, 654 (5th Cir. 1996). Furthermore, "[w]e need not accept the district court's rationale and may affirm on any grounds supported by the record." *McGruder v. Will*, 204 F.3d 220, 222 (5th Cir. 2000).

The claim presented involves a dual-status employee seeking relief under Title VII. This particular type of claim is a matter of first impression for our Circuit. The district court dealt with this issue by applying the three-factor *Parker* test to determine whether Brown's claim arose from an activity incident to service. The district court found that Brown's claim fell within the military sphere and, therefore, dismissed the claim. While we agree with the district court that Brown's claim arises from his position in the military, we believe that 42 U.S.C. § 2000e–16, and 29 C.F.R.

---

[1] In order to determine whether Brown's claim arose from activities incident to service, the district court applied the three-factor, totality of circumstances test enunciated in *Parker v. United States*, 611 F.2d 1007 (5th Cir. 1980) (the factors are: (1) "the duty status of the service member," (2) "where the injury occurred," and (3) "what function the service member was performing"). *Id.* at 1013. The district court determined that because Brown was a member of the military and his claim "involve[d] military matters which took place on a military site, the *Parker* factors [we]re satisfied."

1614.103(d)(1) govern this Title VII case.[2]

Brown's claim arises under 42 U.S.C. § 2000e–16(a), which precludes the military departments, including the Air Force under 5 U.S.C. § 102, from engaging in acts of employment discrimination. Although 42 U.S.C. § 2000e–16(a) constitutes a waiver of the Government's immunity from suit, this waiver has been understood to apply only to suits by civilian employees of the military departments, and not members of the armed forces. This interpretation has been adopted by both the Equal Employment Opportunities Commission ("EEOC"), and the circuits that have addressed this issue.[3] The EEOC, pursuant to its grant of authority under 42 U.S.C. § 2000e–16(b), issued 29 C.F.R. § 1614.103(d)(1), which provides in relevant part:

> (a) Individual and class complaints of employment discrimination and retaliation prohibited by Title VII...shall be processed in accordance with this part...
> (b) This part applies to:
> (1) Military departments as defined in 5 U.S.C. 102; ...
> (d) This part does not apply to:
> (1) Uniformed members of the military departments referred to in paragraph (b)(1) of this section;...

Furthermore, this regulation constitutes a substantive rule based on the Supreme Court's reasoning

---

[2] For unknown reasons, the district court did not consider these provisions. As a consequence, we review Brown's claim *de novo* according to the applicable Title VII provisions.

[3] The following circuit courts were faced with interpreting the scope of the term "military departments," and determined that the term did not include members of the armed forces for purposes of a Title VII suit. *See Hodge v. Dalton*, 107 F.3d 705, 707-08 (9th Cir. 1997), *cert. denied* 522 U.S. 815 (1997) (precluding Marine service member's claim of racial discrimination); *Randall v. United States*, 95 F.3d 339, 343–44 (4th Cir. 1996), *cert. denied* 519 U.S. 1150 (1997) (precluding Army officer's claim of racial discrimination); *Spain v. Ball*, 928 F.2d 61, 62 (2d Cir. 1991) (precluding Navy applicant's claims of race and gender discrimination); *Stinson v. Hornsby*, 821 F.2d 1537, 1539–40 (11th Cir. 1987), *cert. denied* 488 U.S. 959 (1988) (precluding National Guard member's claim of racial discrimination); *Gonzalez v. Dept. of Army*, 718 F.2d 926, 927–29 (precluding Army officer's claims of racial discrimination); *Johnson v. Alexander*, 572 F.2d 1219, 1224 (8th Cir. 1978), *cert. denied* 439 U.S. 986 (1978) (precluding Army applicant's claim of racial discrimination).

in *Chrysler Corp. v. Brown*, 441 U.S. 281, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979), because it "affects individual rights and obligations." *Id*. at 302, 99 S.Ct. 1717–18. Consequently, because it is a substantive rule and the EEOC issued the regulation under the auspices of a congressional grant of power, it should be accorded the "force and effect of law." *Id*. at 301–02, 99 S.Ct. 1717–18. Accordingly, we will apply the EEOC's interpretation of the term military departments. *See Hodge v. Dalton*, 107 F.3d 705 (9th Cir. 1997), *cert. denied* 522 U.S. 815 (1997) (court provided a similar analysis of 29 C.F.R. § 1614.103(d)(1)).

ARTs, such as Brown, are required to maintain two government positions, one civilian position and one military position. As a consequence of the limited scope of the Title VII waiver, employment discrimination claims by ARTs must be categorized as either arising from their position as a civilian employee of a military department, or their position as a uniformed service member.[4] Although the Ninth Circuit has taken a slightly different approach in resolving these type of claims,

---

[4] In Title VII cases, as opposed to 42 U.S.C. § 1983 cases, we are required to differentiate the civilian and military positions associated with a dual-status job. This is because Title VII specifically provides for claims against the government for civilian employees in the military departments. Therefore, although it may appear as though our decision today is at variance with our decision in *NeSmith v. Fulton*, 615 F.2d 196 (5th Cir. Ap. 1980), the cases are distinguishable.

In *NeSmith* we applied the standard set forth in *Mindes v. Seamen*, 453 F.2d 197 (5th Cir. Dec. 1971), and found that an Air National Guard technician's 42 U.S.C. § 1983 claim for loss of his civilian position was not subject to review. We grounded our reasoning in "the extent to which the exercise of military expertise or discretion is involved in the decision to discharge NeSmith from his...post." *Id*. at 203. We noted in *NeSmith* that "formally, a civilian technician is a federal civil employee outside the competitive civil service. In substance, however, the position is one in a military organization." *Id*. at 201. In *NeSmith*, however, we were not reviewing a Title VII claim.

The First Circuit has also discussed dual-status employees in *Wright v. Park*, 5 F.3d 586 (1st Cir. 1993). In *Wright* the court was faced with a claim that involved a National Guard technician's dismissal from his civilian position. The court noted that the dual roles occupied by a National Guard technician "are inextricably intertwined," and affirmed the district court's dismissal of the claim on justiciability grounds. *Id*. at 589. Again, we emphasize that the court in *Wright* was reviewing a § 1983 claim, and not a Title VII claim.

we choose to determine whether a dual-status employee's claim is cognizable under Title VII according to the lines drawn by the EEOC. [5] Accordingly, claims arising purely from an ART's civilian position are provided for under Title VII; claims that originate from an ART's military status, however, are not cognizable for the reasons provided above.

Although Brown attempts to characterize his claim as arising from his civilian position, this is not the case. Brown seeks review of actions taken by the military that form the basis of his military discharge. While these actions had a civilian component, in that his discharge made him ineligible for his civilian position, they nonetheless were actions taken within the military sphere. Claims that involve this type of intrusion into military personnel decisions are not permissible, even under Title VII. Consequently, Brown's discrimination claim constitutes a claim made by a member of the "uniformed services."

The district court's dismissal of Brown's case is AFFIRMED.

---

[5] In *Mier v. Owens*, 57 F.3d 747 (9th Cir. 1995), *cert. denied* 517 U.S. 1103 (1996) the Ninth Circuit determined whether a National Guard technician who held both civilian and military positions could maintain a Title VII action. In *Mier* the technician asserted that he had been discriminatorily denied military promotions, and as a consequence suffered suspension from his civilian post. The court adopted the following standard for resolving the case, "we conclude that Title VII coverage of civilians employed by the military encompasses actions brought by Guard technicians except when the challenged conduct is integrally related to the military's unique structure." *Id*. at 750. Applying this standard the court held that the Guard member's claim was not covered by Title VII because it involved a personnel decision that was "integral to the military's structure." *Id*. at 751.

We do not reach the situation where the classification of a claim is difficult, in which case we may have to rely on factors such as whether the conduct is "integrally related to the military's unique structure." The instant case does not pose that level of difficulty.