IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21035
Conference Calendar

_____

ROQUE T. ARANDA,

Plaintiff-Appellant,

versus

MIKE WILSON; MR. BENGE, Food Service Management; PRISCILLA
DALY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2236
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Roque T. Aranda, Texas prisoner # 805045, appeals the
dismissal of his 42 U.S.C. § 1983 complaint in which he alleged
that, since 1998, he has been served canned chicken rather than
"real" baked chicken.  This court may affirm on any grounds
supported by the record.  Brown v. United States, 227 F.3d 295,
297-98 (5th Cir. 2000), cert. denied, 121 S. Ct. 1098 (2001).
"The Eighth Amendment requires that inmates be provided
well-balanced meals, containing sufficient nutritional value to
preserve health."  Berry v. Brady, 192 F.3d 504, 507 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1999)(internal quotation and citations omitted).  Because Aranda has failed to allege the deprivation of a constitutional right, the dismissal of his 42 U.S.C. § 1983 complaint is AFFIRMED.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

The three-strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim."  <u>Carson v. Johnson</u>, 112 F.3d 818, 819 (5th Cir. 1997)(citing <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385 (5th Cir. 1996)).  Aranda has previously had at least five strikes against him.  <u>Aranda v. Key</u>, No. 00-10849 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); <u>Aranda v. Shaw</u>, No. 00-10844 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); <u>Aranda v. Millsaps</u>, No. 99-11394 (5th Cir. Aug. 29, 2000). Aranda filed this appeal before the § 1915(g) bar was imposed. He is reminded that he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

AFFIRMED.