IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30433
Conference Calendar
_____

JERROD A. WILSON,

Plaintiff-Appellant,

versus

DORA RABALAIS; BURL CAIN;
RICHARD L. STALDER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-33
--------------------
August 21, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Jerrod Wilson appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii).  Wilson seeks damages and declaratory and injunctive relief and argues that his due process rights were violated when he was not allowed to call witnesses at a prison disciplinary hearing that resulted in a sentence of segregation and a loss of good-time credits.  We affirm the district court's dismissal on other grounds.  See Brown v. United

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>States</u>, 227 F.3d 295, 297-98 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1098 (2001).

Wilson may not seek damages or declaratory relief based on the procedures used in the disciplinary hearing in a 42 U.S.C. § 1983 action unless he can show that his "conviction" has been overturned or otherwise declared invalid because such relief, if granted, would necessarily imply the invalidity of his conviction and the length of his confinement. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998)(en banc)(citing <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997)), <u>cert. denied</u>, 525 U.S. 1151 (1999). Wilson has not shown that his conviction in the disciplinary proceeding has been overturned, and, therefore, his due process claim is not cognizable under 42 U.S.C. § 1983.

Wilson's argument in the district court that La. Rev. Stat. Ann. 15:1177 (West Supp. 2001) is unconstitutional was not briefed and is therefore abandoned. <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).

AFFIRMED.