[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11928

_____

D.C. Docket No. 2:11-cv-00018-WKW-SRW

MARY R. NORRIS,

Plaintiff-Appellant,

versus

SECRETARY, US DEPARTMENT OF THE ARMY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 26, 2013)

Before WILSON and COX, Circuit Judges, and BOWEN,[*] District Judge.

BOWEN, District Judge:

---

[*] Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia, sitting by designation.

Plaintiff Mary R. Norris, a dual-status National Guard technician, appeals the district court's dismissal of her complaint alleging gender and age discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634.  The district court dismissed the case upon concluding that the intra-military immunity doctrine recognized in Feres v. United States, 340 U.S. 135, 71 S. Ct. 153 (1950), bars her claims.

The Feres doctrine provides that United States military personnel may not bring suit against the federal government for injuries that "arise out of or are in the course of activity incident to service."  Id. at 146, 71 S. Ct. at 159.  In its thorough and well-reasoned opinion, the district court pointed out that other circuits have developed different approaches in determining whether employment discrimination claims are non-justiciable under the Feres doctrine.  See Norris v. McHugh, 857 F. Supp. 2d 1229, 1233-34 (M.D. Ala. 2012).  For instance, the Sixth Circuit has held that dual-status military technicians are "irreducibly military in nature" so that their military and civilian aspects cannot be separated; thus, employment discrimination suits involving dual-status military technicians are non-justiciable as a matter of law.  See Fisher v. Peters, 249 F.3d 433, 443 (6th

2

Cir. 2001).  The Ninth Circuit's approach is less rigid because it considers whether "the challenged conduct is integrally related to the military's unique structure." Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995).  In the Fifth Circuit, only "claims arising purely from [a plaintiff employee's] civilian position" are justiciable, while claims that "originate from [a plaintiff employee's] military status" are not.  Brown v. United States, 227 F.3d 295, 299 (5th Cir. 2000).  If the classification of a claim proves difficult, the Fifth Circuit turns to "factors such as whether the conduct is 'integrally related to the military's unique structure.'" Id. at 299 n.5, quoted in Walch v. Adjutant Gen.'s Dep't of Tex., 533 F.3d 289, 299 (5th Cir. 2008).

Here, the district court carefully and fully detailed the nature and extent of Plaintiff's employment and the challenged employment decisions.  The district court concluded that Plaintiff failed to establish that her claims arise from her status as a civilian as opposed to her military status.  In reviewing this conclusion de novo,[1] we conclude that no matter what approach is taken in applying the Feres doctrine, the district court correctly determined that Plaintiff's claims are barred by the Feres doctrine.  Accordingly, the action was properly dismissed for lack of

---

[1] We review de novo the grant of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Cash v. Barnhart, 327 F.3d 1252, 1255 n.4 (11th Cir. 2003)(per curiam).

subject matter jurisdiction.

The judgment of the district court is therefore **AFFIRMED.**