# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10425
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2019

Lyle W. Cayce
Clerk

MELVIN WIAND,

Plaintiff-Appellant

v.

T J HARMON, Warden; NFN FREEMAN,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-2363

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Melvin Wiand, federal prisoner # 37221-177, has appealed the district court's judgment dismissing his civil action asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserting inter alia that the defendant prison officials violated his constitutional rights by delaying needed cataract surgery. Wiand does not brief and has thus abandoned any challenge to the dismissal of his official-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10425

capacity and Americans with Disability Act claims and the claims against Lieutenant Freeman and John Doe, Prison Clinical Director. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). The only remaining claims are those against Warden T.J. Harmon individually. We need not reach whether the district court erred in determining that the claims against Warden Harmon were not exhausted because we may affirm on the alternative basis that the warden is entitled to qualified immunity. *See Brown v. United States*, 227 F.3d 295, 298 (5th Cir. 2000).

Wiand's filings in the district court fail to allege that Warden Harmon knew of and consciously disregarded any substantial risk of serious harm to Wiand or otherwise had any personal involvement in the alleged delay in treatment. *See Lawson v. Dallas Cty.*, 286 F.3d 257, 262 (5th Cir. 2002); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). As such, Warden Harmon is entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The judgment is affirmed on that alternative ground. Wiand's motion to strike a portion of the appellees' brief is DENIED.

AFFIRMED.