William GADBOIS; Eric Flanagan; Christine Lazenby; Elizabeth Anderson; Sheila Woolstencroft, Plaintiffs—Appellants,

v.

UNITED STATES OF AMERICA; Mark Garrard, Col.; F. Whitten Peters, in his capacity as Secretary of the Air Force; Dennis N. Stanfield; Helen M. Kingery; William M. Rinn; Todd R. Arrend; Karl L. Anderson; Craig Hinman; United States Air Force; Timothy McShane; Sean Murphy, Defendants—Appellees.

No. 01–35873.

D.C. No. CV–00–00067–JLQ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2003.

Decided Feb. 26, 2003.

Before KLEINFELD and MCKEOWN, Circuit Judges, and SHAPIRO, District Judge.*

MEMORANDUM **

Plaintiffs William E. Gadbois ("Gadbois") and Eric C. Flanagan ("Flanagan") appeal the district court's order dismissing their claims for damages under the federal Wiretap Act, 18 U.S.C. §§ 2510, *et. seq.*, on grounds that the claims were barred by the doctrine of intramilitary immunity established in *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and by the doctrine of qualified immunity.

As the district court noted in its extensive and careful analysis, under the *Feres* doctrine, members of the armed services cannot sue the government for injuries that "arise out of or are in the course of activity incident to service." *Id.* at 146, 71 S.Ct. 153. We have interpreted the doctrine broadly, finding it applicable "whenever a legal action would require a civilian court to examine decisions regarding man-

---

* The Honorable Norma L. Shapiro, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

agement, discipline, supervision, and control of members of the armed forces of the United States." *Bowen v. Oistead,* 125 F.3d 800, 804 (9th Cir.1997) (internal quotation marks and citations omitted).

Here, the actions of the individual service members other than Anderson arose out of an investigation into potential Uniform Code of Military Justice violations by Gadbois and Flanagan. The service members were acting in an investigative and disciplinary capacity, and therefore any injuries incurred by Gadbois and Flanagan arose from activities "incident to service." *Feres,* 340 U.S. at 146, 71 S.Ct. 153; *see also Mier v. Owens,* 57 F.3d 747, 751 (9th Cir.1995) (noting that "[i]nvestigation is an act central to the military's unique concerns regarding discipline and control"); *Lutz v. Secretary of the Air Force,* 944 F.2d 1477, 1485 n. 8 (9th Cir.1991) (finding *Feres* inapplicable but noting that claims for "negligent supervision or challenging disciplinary decisions[ ] have been found to fall squarely within the prohibited zone protected by Feres.") (citations omitted).

Gadbois and Flanagan point to our decision in *Chandler v. U.S. Army,* 125 F.3d 1296 (9th Cir.1997), which held that the Wiretap Act applies to the military. We reaffirm that holding here. *Chandler,* however, addressed equitable remedies and did not address *Feres* and intramilitary money damages actions in connection with a disciplinary investigation. *Chandler* is inapposite because Gadbois and Flanagan forfeited their equitable remedies in this case.

Because the individual service members' actions are protected under the *Feres* doctrine, we need not reach the issue of qualified immunity.

AFFIRMED.