Alfonzo LAWRENCE, Plaintiff—
Appellant,

v.

HAWAII AIR NATIONAL GUARD;
et al., Defendants—Appellees,

and

F. Whitten Peters, Secretary of the
United States Air Force,
Defendant.

No. 02–16858.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided March 21, 2005.

Andre S. Wooten, Esq., Honolulu, HI, for Plaintiff–Appellant.

Mark J. Bennett, Esq., Nelson Y. Nabeta, Department of the Attorney General, State of Hawaii, Employment Law Division, Elton K. Suzuki, Esq., Sarah R. Hirakami, Esq., James E. Halvorson, Esq., AGHI—Office of The Hawaii Attorney General, Theodore G. Meeker, Spec. AUSA, USH—Office of The U.S. Attorney, Honolulu, HI, E. Roy Hawkens, Esq., Robert S. Greenspan, Esq., Jeffrey A. Clair, Esq., DOJ—U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Defendants–Appellees.

Before: BRUNETTI, GRABER, and BYBEE, Circuit Judges.

MEMORANDUM *

Plaintiff Alphonzo Lawrence appeals the district court's grant of motions to dismiss and for summary judgment to defendants the United States Air Force, the Secretary of the Air Force (collectively the "Air Force"), the Hawaii Air National Guard ("HIANG"), and Major General Edward Correa, TAG HIANG Commanding General, in his official capacity only, dismissing his claims alleging race discrimination in employment. Lawrence sought damages and injunctive relief against defendants pursuant to Title VII (42 U.S.C. §§ 2000e–2000h–6), 42 U.S.C. §§ ("Sections") 1981, 1982, 1983, 1985, and 1986, and the Hawaii Equal Employment Opportunity Act (Hawaii Revised Statutes ("HRS") § 378).

* This disposition is not appropriate for publication and may not be cited to or by the courts

### 1. Non–Title VII Claims Against the Air Force

■ As a National Guard Technician, Lawrence was "an employee of . . . the Department of the Air Force . . . and an employee of the United States." 32 U.S.C. § 709(e). Thus, Lawrence was considered a federal employee. Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Because Lawrence's non-Title VII claims against the Air Force are based solely on race discrimination, Title VII is his exclusive remedy against the Air Force.

### 2. Non–Title VII Claims Against HIANG for All Relief and Against Maj. Gen. Correa for Damages Are Barred by the Eleventh Amendment

While HIANG has both federal and state aspects, it is a state agency under state authority and control. *See Bowen v. Oistead*, 125 F.3d 800, 802 n. 1 (9th Cir. 1997). Maj. Gen. Correa was sued in his official capacity only, and a suit against him in his official capacity is no different than a suit against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

The Eleventh Amendment proscribes suits against state agencies "regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *see also Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir.1986). Eleventh Amendment immunity applies unless the state consents

of this circuit except as provided by Ninth Circuit Rule 36–3.

to suit in federal court or Congress unequivocally abrogates the immunity under its Fourteenth Amendment authority. *Pennhurst*, 465 U.S. at 99, 104 S.Ct. 900.

■ Contrary to Lawrence's arguments, HIANG has not waived its Eleventh Amendment immunity under HRS § 662–2, part of Hawaii's State Tort Liability Act. Hawaii's waiver of sovereign immunity is limited only to its state circuit and district courts, not to the federal courts. *See* HRS §§ 661–1, 662–3; *see also Office of Hawai'in Affairs v. Dep't of Educ.*, 951 F.Supp. 1484, 1491–92 (D.Haw.1996). "[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst*, 465 U.S. at 99 n. 9, 104 S.Ct. 900. Based upon HIANG's Eleventh Amendment immunity, the district court was correct in dismissing all of Lawrence's non-Title VII claims against HIANG for all relief sought. Based upon Maj. Gen. Correa's Eleventh Amendment immunity, Lawrence's HRS § 378 claim for all relief is barred, and Lawrence's Sections 1981, 1982, 1983, 1985, and 1986 claims for damages are also barred.

### 3. Title VII Claims Against All Defendants

The district court was correct in dismissing Lawrence's Title VII claims against all defendants.

■ First, before this court can review a National Guard Technician's claim challenging a military decision, the Technician must exhaust the available intra-military remedies. *Christoffersen v. Wash. State Air Nat'l Guard*, 855 F.2d 1437, 1442 (9th Cir.1988). Lawrence failed to do so. Contrary to Lawrence's arguments, Lawrence did not receive two "right to sue" letters from HIANG. Those two letters inform him that his internal complaint was dismissed because he failed to comply with

deadlines. Both letters referred him to certain paragraphs regarding his internal appeal rights. These paragraphs direct him to file an appeal with the Equal Employment Opportunity Commission. Instead, Lawrence filed suit in federal district court. Because Lawrence failed to exhaust his intra-military remedies, this court cannot review his Title VII claims.

Alternatively, even if we agreed with Lawrence that he did exhaust his intra-military remedies, his claims would be non-justiciable under the doctrines of *Mier v. Owens*, 57 F.3d 747 (9th Cir.1995), and *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). *See also Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir.1998) (per curiam) (promotion of National Guard Technician in Title VII context); *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 196 (9th Cir.1995) (security clearance decisions in Title VII context).

### 4. Remaining Federal Claims Against Maj. Gen. Correa for Injunctive Relief

■ Lawrence's Sections 1981, 1982, 1983, 1985, and 1986 claims against Maj. Gen. Correa for prospective relief are barred by the *Feres* doctrine. Lawrence sought an order requiring Maj. Gen. Correa to reinstate him "to a similar permanent employment position" with HIANG. Contrary to Lawrence's contention, *Wilkins v. United States*, 279 F.3d 782 (9th Cir.2002), does not permit the type of injunctive relief that he seeks. *Wilkins* involved a suit by a Navy chaplain challenging the constitutionality of the Navy's chaplain selection and retention policy. *Id.* at 786. In that context, this court held "that *Feres* applies only to money damages" and not to the non-monetary relief sought. *Id.* at 787.

In contrast to *Wilkins*, the injunctive relief Lawrence seeks runs directly into the concerns underlying the *Feres* doctrine. Lawrence is challenging an individual military personnel decision, not the constitutionality of a department-wide policy. Further, Lawrence seeks to be reinstated to a permanent military-type position with HIANG. Unlike a Navy chaplain, this is the type of personnel decision that is left to the military.

AFFIRMED.