John B. CROUT, Plaintiff–Appellant,

v.

State of WASHINGTON; Washington Army National Guard, (Waarng); United States Department of Defense; National Guard Bureau; Michael J. Wilson; William E. Palmer; Paul W. Sele; Lester R. Lea; John A. Gobel; Eric D. Stephenson; Corey G. McCoy; Maurice P. Sylvester; Eric Winburn; Michael Alfred; Craig E. Strong; Kathleen M. Kehr; Gregory P. Barlow; Constance R. Byzinker; Lee S. Legowik; Glenda G. Costner; Gary Locke; Timothy L. Rootes; Reginald B. Geary; George W. Nethercutt, Jr.; Bruce E. Davis; Jenifer L. Brown; Paula E. Kougeas; Jack Marvin; Floyd Bishop, Defendants–Appellees.

No. 03–35421.

D.C. No. CV–02–00084–RHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2005.

Decided Sept. 1, 2005.

As Amended on Denial of Rehearing and Rehearing En Banc Nov. 16, 2005.

7.  See W. Radio, 79 F.3d at 900.

602

John R. Zeldenrust, Seattle, WA, for Plaintiff–Appellant.

Catherine Hendricks, Attorney General of Washington, Office of the Washington Attorney General, Seattle, WA, Carl Perry Warring, Attorney General of Washington, Aine Ahmed, Office of the U.S. Attorney, Spokane, WA, Susan Burger Sutherland, Arlington, VA, William H. Beatty, for Defendants–Appellees.

Before THOMPSON, T.G. NELSON, and WARDLAW, Circuit Judges.

## MEMORANDUM *

John B. Crout appeals the district court's order granting summary judgment in favor of the Washington State defendants, and granting the United States defendants' motion to dismiss. Crout sued the State of Washington, the Washington Army National Guard, the United States Department of Defense and the National Guard Bureau, alleging conspiracy, institutionalized discrimination and defamation. We review the district court's decisions *de novo* and affirm.

■ Under the *Feres* doctrine, "members of the armed forces may not bring an action against the Government or armed services personnel for injuries during activity under the control or supervision of a commanding officer." *Hodge v. Dalton*, 107 F.3d 705, 710 (9th Cir.1997) (citing *McGowan v. Scoggins*, 890 F.2d 128, 132 (9th Cir.1989)). *See Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Courts decline to review these employment actions because " 'the relationship between enlisted military personnel and their superior officers . . . is at the heart of the necessarily unique structure of the Military Establishment.' " *Mier v. Owens*, 57 F.3d 747, 749–50 (9th Cir.1995) (quoting *Chappell v. Wallace*, 462 U.S. 296, 300, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983)). In fact, "Practically any suit that implicates the military judgment and decisions runs the risk of colliding with *Feres.*" *Persons v. United States*, 925 F.2d 292, 295 (9th Cir.1991).

The *Feres* doctrine applies to state governments and state officers as well as the federal government and federal officers. *See Bowen v. Oistead*, 125 F.3d 800, 804–05 (9th Cir.1997) (noting that "[t]he overwhelming weight of authority indicates that state National Guard officers are protected from suit by fellow Guardsmen by the *Feres* doctrine"). The possible exceptions to the *Feres* doctrine do not apply in Crout's case because Crout's alleged harasser was Crout's direct supervisor and because the harassment occurred when Crout and his supervisor were acting in the course of duty.

■ Additionally, Crout's claims are non-reviewable under the *Mindes* test. *See, e.g., Christoffersen v. Wash. State Air Nat'l Guard*, 855 F.2d 1437, 1442 (9th Cir. 1988) (applying the test of *Mindes v. Seaman*, 453 F.2d 197, 201–02 (5th Cir.1971)). The *Mindes* test, as modified by our circuit, provides that an internal military decision is unreviewable unless the plaintiff alleges (a) a violation of a recognized constitutional right, a federal statute, or military regulations; and (b) exhaustion of available intraservice remedies. If the plaintiff meets both prerequisites, we weigh four factors to determine whether review should be granted: (1) the nature and strength of the plaintiff's claim; (2) the potential injury to the plaintiff if review is refused; (3) the extent of interference with military functions; and (4) the extent to which military discretion or expertise is involved. *Christoffersen*, 855 F.2d at 1442.

Even assuming that Crout has alleged a violation of a recognized constitutional right, and exhausted the available intraservice remedies, Crout's claims fail the *Mindes* test. First, Crout has not demonstrated that he was subject to any discrimination, intentional retaliation or conspiracy by the persons in charge as a result of the filing of his complaint. Second, Crout has shown no injury because he was neither disciplined nor forcibly discharged.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**604**

See, e.g., Wenger v. Monroe, 282 F.3d 1068, 1075 (9th Cir.2002) (holding that the plaintiff's claim must fail because no charges were ever brought against him, no disciplinary action was ever taken and plaintiff's retirement was required by law). The third and fourth *Mindes* factors are generally considered together and here, both weigh heavily against review because review would necessarily "involve the court in a very sensitive area of military expertise and discretion." *Id.* (quoting *Gonzalez v. Department of Army,* 718 F.2d 926, 930 (9th Cir.1983)). *See also Christoffersen,* 855 F.2d at 1444 (concluding that the final two *Mindes* factors weigh against judicial review of retention and transfer decisions of National Guard units).

▮ Finally, all of Crout's claims against Washington State and the Washington Army National Guard, except his Title VII claims, are barred because the Eleventh Amendment bars suits against a state and state agencies in federal court. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Washington Army National Guard is a state agency. Wash. Rev.Code § 38.04.010 (2005). *See Christoffersen,* 855 F.2d at 1441. Crout has pointed to nothing which suggests the Washington state defendants have waived their Eleventh Amendment immunity. As to Crout's Title VII claim, it is irrelevant that Title VII claims against state defendants are not subject to the Eleventh Amendment, *see Cerrato v. San Francisco Cmty. Coll. Dist.,* 26 F.3d 968, 975–76 (9th Cir.1994), because Title VII protections do not extend to uniformed members of the armed services, 29 C.F.R. § 1614.103(d)(1); *Gonzalez v. Dept. of Army,* 718 F.2d 926, 927–29 (9th Cir.1983); including military

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

members of state national guards. *Christoffersen,* 855 F.2d at 1444.

**AFFIRMED.**