Chris KOHLER, Plaintiff,

v.

CJP, LIMITED, Defendant.

Case No. CV 10–09106 MMM (Ex).

United States District Court,
C.D. California.

July 19, 2011.

Scottlynn J. Hubbard IV, Lynn Hubbard III, Law Offices of Lynn Hubbard, Chico, CA, for Plaintiff.

Deborah Sue Skanadore Reisdorph, Skanadore Reisdorph Law Offices, Huntington Beach, CA, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

MARGARET M. MORROW, District Judge.

On November 24, 2010, Chris Kohler commenced this civil rights action against CJP, Limited ("CJP").[1] On February 23, 2011, Kohler filed a first amended complaint alleging violations of his rights under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; the California Unruh Civil Rights Act ("Unruh Act"), California Civil Code § 51; the California Disabled Persons Act ("DPA"), California Civil Code § 54; and California Health and Safety Code §§ 19955–19959.5.[2] On April 5, 2011, defen-

---

1. Complaint, Docket No. 1 (Nov. 24, 2011).

2. First Amended Complaint ("FAC"), Docket No. 10 (Feb. 23, 2011).

dant filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[3] Plaintiff opposes the motion.[4]

## I. FACTUAL BACKGROUND

Kohler is a paraplegic who requires the use of a wheelchair to travel in public.[5] CJP is the owner of the Potomac Square Shopping Center ("Shopping Center").[6] Kohler alleges that, on an unspecified date, he "visited the Shopping Center and encountered barriers . . . that interfered with . . . his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility." [7] He asserts that "the barriers at the Shopping Center include, but are not limited to, the following:

- The tow away signage posted is incorrect. Without the correct signage displayed, Kohler cannot have vehicles towed that are illegally parked in disabled parking spaces;

- The tow away signage is completely obstructed from view by bushes. Without the correct signage clearly displayed and visible, Kohler cannot have vehicles towed that are illegally parked in disabled parking spaces;

- The signage in front of at least one disabled parking space is obstructed by the bushes in which it is posted. Without signage that is visible, Kohler cannot determine which spaces are intended to be accessible to him. Moreover, with signage that is not visible, non-disabled drivers can park in these spaces, leaving none available for Kohler;

- The signage in front of at least one disabled parking space is incorrect and uses the term 'handicapped.'

This term is insulting to disabled persons, causing possible emotional harm and/or injury;

- The signage on numerous disabled parking spaces is incorrect. Without correct signage, Kohler cannot determine which spaces are intended to be accessible to him. Moreover, with signage that is not correct, non-disabled drivers can park in these spaces, leaving none available for Kohler;

- Most (if not all) of the access aisles have slopes and cross slopes that exceed 2.0 % due to an encroaching built-up curb ramp. Without a level access aisle, Kohler has a difficult time transferring from his vehicle to his wheelchair;

- The slopes of most (if not all) of the built-up ramps leading from the disabled parking spaces to the sidewalk are too steep, making them difficult for Kohler to traverse;

- The slopes and cross slopes of most (if not all) of the disabled parking spaces exceed 2.0% due to encroaching built-up curb ramps. Without a level parking space, it is difficult for Kohler to transfer from his vehicle to his wheelchair;

- There are no parking spaces designated as being van accessible. Without these spaces, Kohler cannot unload from a lift when traveling by van; and

- None of the access aisles have the words "no parking" painted on them. Without this language clearly displayed, vehicles can park in the access aisle, rendering it (and the adja-

---

3. Motion to Dismiss ("Motion"), Docket No. 13 (Apr. 5, 2011); Reply to Opposition ("Reply"), Docket No. 22 (Jul. 5, 2011).

4. Opposition, Docket No. 19 (June 27, 2011).

5. FAC, ¶ 8.

6. *Id.*, ¶ 7.

7. *Id.*, ¶ 10.

cent parking spaces) unusable by Kohler." [8]

Kohler alleges that these barriers not only prevented him from enjoying full and equal access to the Shopping Center, but also deterred him from visiting the Shopping Center "because of the future threat[ ] of injury created by the[ ] barriers." [9] He contends that "CJP, Limited knew that these elements and areas of the Shopping Center were inaccessible, violate[d] state and federal law, and interfere[d] with ... access [for] the physically disabled." He asserts additionally that "CJP, Limited has the financial resources to remove the[ ] barriers ...," but has refused to do so or to "seek an unreasonable hardship exemption to excuse noncompliance." [10] Kohler asserts that "CJP, Limited has intentionally maintained the Shopping Center in its current condition," [11] and that "the (continued) presence of barriers at the shopping center is so obvious as to establish CJP, Limited's discriminatory intent." [12]

Kohler seeks damages, injunctive and declaratory relief, attorneys' fees and costs.[13]

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7–15, the court finds this matter appropriate for decision without oral argument. The hearing scheduled for July 25, 2011 is therefore vacated and taken off calendar.

## II. DISCUSSION

### A. Legal Standard Governing Motions To Dismiss Under Rule 12(b)(1)

The party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. See *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir.2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual"); *Thornhill Publishing co. v. General Tel. & Electronics,* 594 F.2d 730, 733 (9th Cir.1979) (facial attack); *Meliezer v. Resolution Trust Co.,* 952 F.2d 879, 881 (5th Cir.1992) (challenge based on extrinsic evidence). The plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction to hear the action. See *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221, 1225 (9th Cir.1989).

There is an important difference between Rule 12(b)(1) motions attacking the complaint on its face and those that rely on extrinsic evidence. In ruling on the former, courts must accept the allegations of the complaint as true. See *Valdez v. United States,* 837 F.Supp. 1065, 1067 (E.D.Cal. 1993), aff'd, 56 F.3d 1177 (9th Cir.1995). In deciding the latter, courts may weigh the evidence presented, and determine the facts in order to evaluate whether they have power to hear the case. See *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir.1987). The "court may not[, however,] resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Id.* (quoting *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983)). See also *Rosales v. United States,* 824 F.2d 799, 803 (9th Cir.1987) ("A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if

8. *Id.*

9. *Id.,* ¶ 11.

10. *Id.,* ¶ 13.

11. *Id.,* ¶ 14.

12. *Id.,* ¶ 15.

13. *Id.* at 12.

the jurisdictional facts are not intertwined with the merits").

Where jurisdiction is intertwined with the merits of the case, "the district court [must] assume[ ] the truth of the allegations in a complaint ... unless controverted by undisputed facts in the record," *Roberts*, 812 F.2d at 1177, or treat the motion as a motion for summary judgment, *Careau Group v. United Farm Workers*, 940 F.2d 1291, 1293 (9th Cir.1991) ("[W]here jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits, 'the trial court should employ the standard applicable to a motion for summary judgment' "). See also *Islands, Inc. v. United States Bureau of Reclamation*, 64 F.Supp.2d 966, 968 (E.D.Cal.1999) ("A court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case"), vacated on other grounds, 10 Fed.Appx. 491 (9th Cir.2001); *Laurence v. United States*, No. C–93–0381–DLJ, 1993 WL 266657, *2 (N.D.Cal. July 8, 1993) (same).

## B. Legal Standard Governing Article III Standing

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged

action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000). Where a plaintiff seeks declaratory and injunctive relief, there is a further requirement. He must show a significant possibility of future harm; it is insufficient to demonstrate only a past injury. See *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir.1996). The party invoking federal jurisdiction bears the burden of establishing that each element of standing is met. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

## 1. Whether Kohler Has Standing to Sue Under the ADA

CJP contends that Kohler lacks standing to sue under the ADA because he "has failed to allege ... that he personally suffered discrimination[ ] as to the encountered barriers" because the complaint contains "no allegations of any personal encounter...." [14] This argument is unavailing as the amended complaint specifically alleges that "Kohler *visited* the Shopping Center and *encountered* barriers ... that interfered with ... his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility." [15]

CJP also contends that Kohler lacks standing because he "does not allege an intent to return to the shopping center." [16] While it is true that the complaint does not allege Kohler's intent to return to the Shopping Center, this is not fatal to his pleading. Indeed, "[d]emonstrating an intent to return to a noncompliant accommo-

---

14. Motion at 6.

15. FAC, ¶ 10 (emphasis added).

16. Motion at 6.

dation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is *deterred* from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir.2011) (emphasis added); see also *Doran v. 7–Eleven, Inc.*, 524 F.3d 1034, 1042 n. 5 (9th Cir. 2008) ("Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III ..."); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir.2002) ("We hold that a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury' ").

■ To allege that he was deterred from visiting a noncompliant public accommodation, a plaintiff cannot simply plead "that he is 'physically disabled,' and that he 'visited the [place of public accommodation]', and 'encountered ... barriers that denied him full and equal access.' " *Chapman*, 631 F.3d at 954. Rather, the plaintiff must "identify *how* any of the alleged violations threatens to deprive him of full and equal access due to his disability if he were to return to the Store, or *how* any of them deter him from visiting the Store due to his disability." *Id.* at 955 (emphasis added). In *Chapman*, the Ninth Circuit held that plaintiff had failed adequately to plead standing because he did nothing

more than attach a list to the complaint that "identifie[d] alleged ADA ... violations without connecting the alleged violations to [his] disability...." *Id.* at 954.

■ Here, Kohler does more than merely identify barriers that he encountered at the Shopping Center; he also provides a brief description of how each barrier affected him because of his disability. For example, Kohler identifies the fact that the disabled parking spaces lack level slopes, and states that "[w]ithout a level parking space, it is very difficult for Kohler to transfer from his vehicle to his wheelchair." [17] Likewise, Kohler identifies tow away signage that is posted incorrectly, and explains that "[w]ithout the correct signage displayed, Kohler cannot have vehicles towed that are illegally parked in disabled parking spaces." [18] Although CJP is correct that Kohler "fails to ... alleg[e] that he *did* have a need to have a vehicle towed," [19] the explanation is sufficient to satisfy *Chapman* since it gives rise to a plausible inference that Kohler will be deterred from the purported violation from visiting the Shopping Center in the future. Kohler provides similarly sufficient explanations with respect to the remaining barriers identified in the complaint, detailing how each barrier affects him because of his disability and how each impedes his ability to make full use of the Shopping Center. Only after providing these explanations does Kohler assert that he was "deterred from visiting the Shopping Center" as a result of the barriers and that he "continues to be deterred from visiting the Shopping Center because of the future threat[ ] of injury created by the[ ] barriers." [20] Because Kohler has adequately pled the barriers he encountered, the manner in which those barriers prevented him from

---

17. FAC, ¶ 10.

18. *Id.*

19. Motion at 7 (emphasis added).

20. FAC, ¶ 11.

gaining full access to the facility, and the fact that the barriers have deterred him from visiting the Shopping Center, he has sufficiently alleged standing as to each barrier identified in his complaint.

Defendant next contends that "[i]n the body of paragraph 10, Kohler lists barriers some of which are ADAAG [21] related, and some which are not, but [does so] in a manner that [suggests] all of the barriers listed are ADAAG related." [22] Defendant also states: "The allegations describe barriers 'to the extent known' to Kohler but fail *at any point* to identify how Kohler was personally discriminated." [23] To the extent defendant argues again that Kohler has adequately failed to identify barriers he personally encountered, its argument is unavailing for the reasons stated above. The Ninth Circuit has held that "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Doran*, 524 F.3d at 1047; see also *Pickern*, 293 F.3d at 1138 ("[In *Steger v. Franco, Inc.*, 228 F.3d 889 (8th Cir.2000) the Eighth Circuit] rejected the defendant's argument that the blind plaintiff could challenge the ADA violation only as to the restroom he had attempted to access.... We agree with the Eight Circuit that [a plaintiff] need not necessarily have personally encountered all the barriers that ... bar his access to [a place of public accommodation] in order to seek an injunction to remove those barriers"); *Wilson v. Pier 1 Imports (US), Inc.*, 413 F.Supp.2d 1130, 1135–36

(E.D.Cal.2006) ("[A]ny reasonable construction of the ADA must recognize that Congress intended to permit suits for injunction to reach any existing barriers, and as long as Article III standing exists, nothing prevents it from doing so.... The court [ ] concludes that plaintiff may sue to require the removal of *any* architectural barriers which affect him due to his disability which exist at a facility at which he has encountered *a* barrier" (emphasis added)). Consequently, the court concludes that Kohler has adequately alleged injury in fact under the ADA.

### C. Legal Standard Governing Motions To Dismiss Under Rule 12(b)(6)

Defendant moves alternatively under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). In deciding a Rule 12(b)(6), the court generally looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in fa-

---

**21.** The Americans Disabilities Act Accessibility Guidelines (ADAAG) were "promulgated by the United States Access Board as guidelines for construction of new facilities or the remodeling of existing facilities." *White v. Divine Investments, Inc.*, CIV. S–04–0206 FCD/DA, 2005 WL 2491543, *4 (E.D.Cal. Oct. 7, 2005).

**22.** Defendant does not further address the significance of this purported aspect of the pleading. (Motion at 7.)

**23.** *Id.* (emphasis original).

vor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996); *Mier v. Owens,* 57 F.3d 747, 750 (9th Cir.1995). It need not, however, accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 553–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Thus, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); see also *Twombly,* 550 U.S. at 545, 127 S.Ct. 1955 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true"); *Moss v. United States Secret Service,* 572 F.3d 962, 969 (9th Cir.2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," citing *Iqbal* and *Twombly* ).

### 1. Whether Kohler States an ADA Claim

■ Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III of the ADA, a plaintiff must allege that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.,* 603 F.3d 666, 670 (9th Cir.2010). See also *Young v. Facebook, Inc.,* 790 F.Supp.2d 1110, 1115, 2011 WL 1878001, *2 (N.D.Cal. May 17, 2011) (plaintiff must show that "(1) [ ]he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of h[is] disability").

■ Kohler's ADA claim is adequately pled. Kohler alleges that he is "physically disabled,"[24] that CJP operates a Shopping Center that is "open to the public, which is intended for nonresidential use and whose operation affects commerce,"[25] that "Kohler visited the Shopping Center and encountered barriers ... that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility,"[26] that CJP "intentionally refrained from altering the Shopping Center so that it complies with the accessibility standards,"[27] and that "the (continued) presence of barriers at the shopping cen-

24.  FAC, ¶ 8.

25.  *Id.,* ¶ 9.

26.  *Id.,* ¶ 10.

27.  *Id.,* ¶ 14.

ter is so obvious as to establish CJP['s] discriminatory intent." [28]

As noted, defendant contends that "Kohler lists barriers some of which are ADAAG related, and some which are not, but [does so] in a manner that [suggests] all of the barriers listed are ADAAG related." [29] To the extent defendant argues that Kohler fails to state a claim because some of the barriers identified in the complaint do not violate the ADAAG, its argument is unavailing. A plaintiff need not state a violation of the ADAAG to state a claim under the ADA. See *Fortyune v. American Multi-Cinema, Inc.*, 364 F.3d 1075, 1084 (9th Cir.2004) ("[Defendant] argues that to prevail on his ADA claim '[plaintiff] must establish that the [public accommodation] fails to comply with the specific requirements of the ADAAG.' But despite its dogged insistence on this contention, [defendant] is unable to cite a single authority advancing its position.... [T]he task of defining a plaintiff's burden under the ADA is handled by 42 U.S.C. §§ 12182"); see also *Celano v. Marriott Int'l, Inc.*, C 05–4004 PJH, 2008 WL 239306, *12 (N.D.Cal. Jan. 28, 2008) ("In *Fortyune*, the Ninth Circuit rejected the very argument made by [defendant] in this case: 'that ADA plaintiffs must prove that the defendant contravened a "specific requirement of ADAAG" to establish a violation of the ADA.' ... Accordingly, the court concludes that plaintiffs' ADA claim may go forward ...." (citation omitted)); *Obert v. The Pyramid*, 03–2135–DV, 2005 WL 1009567, *5 (W.D.Tenn. Apr. 8, 2005) ("ADA plaintiffs need not prove that the defendant contravened a 'specific requirement of the ADAAG' to establish a violation of the ADA, and thus it follows that

compliance with the ADAAG guidelines does not necessarily preclude recovery under the ADA"). Despite defendant's contention to the contrary, therefore, Kohler's pleading is not deficient.

### III. CONCLUSION

For the foregoing reasons, defendant's motion is denied.[30]

state law claims because it lacks jurisdiction to hear plaintiff's ADA claim. Because the court concludes that Kohler's jurisdictional allegations are sufficient, however, it will exercise jurisdiction over plaintiff's state law claims.

28. *Id.,* ¶ 15.

29. Motion at 7 (emphasis original).

30. Defendant contends the court cannot exercise supplemental jurisdiction over plaintiff's